STATE OF NEBRASKA, APPELLEE, V. EPIFANIO J. BARRIENTOS, APPELLANT.
512 N.W.2d 144

Filed February 25, 1994. No. S-92-241.

Brian S. Munnelly and, on brief, Epifanio J. Barrientos for appellant.

Don Stenberg, Attorney General, and Delores Coe-Barbee for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, and FAHRNBRUCH, JJ., and GRANT, J., Retired.

BOSLAUGH, J.

The defendant, Epifanio J. Barrientos, appeals from the order of the district court which denied his petition for postconviction relief.

On July 17, 1990, the defendant pled guilty to unlawful possession of cocaine with intent to deliver. He was sentenced on October 15, 1990, to 10 to 12 years' imprisonment. He did not appeal from the conviction and sentence.

On February 28, 1991, the district court denied the defendant's request for reduction of sentence, finding that the request had not been timely filed.

On January 6, 1992, the defendant filed a motion for postconviction relief claiming that he had been sentenced without any meaningful opportunity to review the presentence investigation report and that he had been denied effective assistance of counsel because his trial counsel failed to familiarize himself with the presentence report and failed to make the substance of the report known to the defendant.

After examining the record, the district court found that an evidentiary hearing was not required. Declining to appoint counsel for the defendant, the district court denied the defendant's motion for postconviction relief, finding that the defendant had no constitutional right to personally review the presentence investigation report; that the defendant had never requested to personally review the presentence investigation report prior to sentencing; that the defendant's counsel reviewed the report and discussed its contents with the defendant and the court; that if the court was misinformed regarding the defendant's chemical abuse, the misinformation would not have had any bearing on the length of the defendant's sentence; that it was true that the defendant had committed murder; and that the defendant had received effective assistance of counsel.

The defendant claims the district court erred in (1) holding that the defendant's constitutional rights had not been violated, (2) holding that the defendant had no right to personally review the presentence investigation report, (3) finding that the defendant had not been denied effective assistance of counsel at the sentencing, (4) denying an evidentiary hearing on the defendant's motion for postconviction relief, and (5) denying appointment of counsel on the defendant's motion for postconviction relief.

The defendant's postconviction motion alleged that there was inaccurate information in his presentence investigation report, of which he was unaware at the time of sentencing, as he had not personally reviewed the report. The inaccurate information of which the defendant complains is the following statements in the report: (1) The defendant "emphatically stated [that] he does not have a problem with drugs and/or alcohol," (2) the defendant "did not indicate [that] he had any plans of changing or modifying his cocaine habit," and (3) a codefendant "stated several times that he was scared of [the defendant] because he had heard that [the defendant] has killed people who have snitched on him."

In a motion for postconviction relief, the defendant must allege facts which, if proved, constitute a denial or violation of his or her rights under the Nebraska or federal Constitution,

causing the judgment against the defendant to be void or voidable. *State v. Keithley*, 238 Neb. 966, 473 N.W.2d 129 (1991). A defendant requesting postconviction relief must establish the basis for such relief, and the findings of the district court will not be disturbed unless they are clearly erroneous. *Id.*

The record shows that after the defendant pled guilty, the defendant's attorney, at the request of the defendant, asked for an expedited presentence. The defendant had initially told his attorney that he wanted to be sentenced without the preparation of a presentence report; however, his attorney advised against this as not being in his best interests.

At the sentencing, the defendant's counsel testified that he had reviewed the presentence report and discussed its contents with the defendant. The defendant's counsel attempted to clear up any misinformation about the defendant's drug abuse by telling the district court that the defendant did not have a $200-a-day cocaine habit. The district court gave the defendant the opportunity to make any statement to the court, and the defendant responded by asking the court for mercy. Nothing in the record indicates that the defendant ever requested to personally review the presentence report.

In *State v. Clear*, 236 Neb. 648, 463 N.W.2d 581 (1990), this court held that a defendant has a qualified right to review his presentence report and that the defendant may, with his attorney, examine the presentence report subject to the court's supervision. In that case, the defendant claimed ineffective assistance of counsel because he was denied the opportunity to see and read his presentence report, including a letter which he claimed contained untrue information. This court stated the record showed that the defendant's attorney had explained the contents of the letter to the court at sentencing and that the district court had asked whether the defendant wished to make any statement. Notwithstanding the court's inquiry, the defendant never mentioned that he had not seen the letter. This court found that the defendant's conduct regarding the letter was a waiver of any later complaint that the defendant had not personally inspected the letter before sentence was imposed. *Id.*

In the present case, while the defendant had a qualified right to personally review his presentence report with his counsel,

subject to the district court's supervision, the defendant waived that right by not notifying the district court that he had not personally reviewed the report and that he wished to do so. Furthermore, the record is clear that the defendant's counsel reviewed the presentence report and discussed its contents with the defendant, as can be seen by counsel's clarifications to the court concerning the alleged misinformation in the report. The district court did not err in finding that the defendant's constitutional rights had not been violated and that the defendant had received effective assistance of counsel.

Next, the defendant contends that the district court erred in denying his postconviction motion without an evidentiary hearing. An evidentiary hearing may be denied on a motion for postconviction relief when the records and files affirmatively show that the defendant is entitled to no relief. *State v. Keithley, supra*. In this case, the district court did not err in denying an evidentiary hearing, as all of the pertinent facts are found in the defendant's motion and the files and records of the case.

Finally, the defendant claims that the district court erred in refusing to appoint counsel to represent him on his motion for postconviction relief. This claim is also without merit.

> Under the Nebraska Postconviction Act, it is within the discretion of the trial court as to whether counsel shall be appointed to represent the defendant. See § 29-3004. In the absence of a showing of an abuse of discretion, the failure to provide court-appointed counsel in postconviction proceedings is not error. *State v. Rehbein*, 235 Neb. 536, 455 N.W.2d 821 (1990); *State v. Wiley*, 228 Neb. 608, 423 N.W.2d 477 (1988); *State v. Paulson*, 211 Neb. 711, 320 N.W.2d 115 (1982). Furthermore, "[w]here the record fails to present a justiciable issue of law and fact to the court in a postconviction action, it is not an abuse of discretion to fail to appoint counsel . . . ." *State v. Rehbein, supra* at 545, 455 N.W.2d at 827. Accord *State v. Wiley, supra*.

*State v. Keithley,* 238 Neb. at 970, 473 N.W.2d at 132.

Because the defendant's claims are without merit, there was no justiciable issue of law or fact, and the trial court did not abuse its discretion in declining to appoint counsel for the

defendant.

The judgment of the district court is affirmed.

AFFIRMED.

LANPHIER, J., participating on briefs.

FAHRNBRUCH, J., concurs.