STATE OF NEBRASKA, APPELLEE, V. JAMES LINDSAY, APPELLANT.
517 N.W.2d 102

Filed June 3, 1994.   No. S-92-1049.

John P. Steichen, of Fellman, Moylan, Natvig & Steichen, for appellant.

Don Stenberg, Attorney General, and Mark D. Starr for appellee.

HASTINGS, C.J., WHITE, CAPORALE, FAHRNBRUCH, LANPHIER, and WRIGHT, JJ.

FAHRNBRUCH, J.

Claiming he received ineffective assistance of counsel at his trial for unlawful possession of a controlled substance with intent to deliver, James Lindsay seeks a reversal of the district court order denying his motion for postconviction relief.

We affirm the district court for Douglas County's order in all respects.

## FACTS

At about 8 a.m. on June 7, 1991, Omaha police executed a search warrant at an Omaha residence where the appellant Lindsay and a woman named "Ronette Johnson" were found sleeping in the master bedroom.

The evidence seized by police during the search included (1) a rock of crack cocaine valued at between $50 and $100, found on the headboard of the waterbed in which Lindsay and Johnson were sleeping; (2) a bag of marijuana, found on the headboard; (3) a glass cigar tube, which tested positive for cocaine residue, found in the kitchen; (4) $1,200 cash in $100 bundles, found under the mattress of the bed; (5) a notepad with a list of six names, various dollar amounts next to each name, and the crossed-out words "coke" and "cola," found on a shelf on the east wall of the residence; (6) a digital pager, found in the master bedroom; (7) a plastic gram scale, which tested positive for cocaine residue, found in the living room; and (8) two cellular telephones, found in the master bedroom. Police officers testified at trial that each of these items was commonly used by drug dealers or related to drug dealing or drug usage.

The police also found several items indicating Lindsay's connection with the residence. They included (1) a billfold containing Lindsay's identification card and numerous scraps of paper with names and phone numbers, at least one of which matched a name on the seized notepad, found on the headboard; (2) a card addressed to Lindsay at the residence, with a postmark cancellation date of January 12, 1991, found in the master bedroom; (3) two vehicles in the backyard, which a police officer testified were registered in Lindsay's name; (4)

various articles of men's clothing, found in the master bedroom closet; (5) money order receipts showing payments to Lindsay, found on the headboard; and (6) an envelope of various papers relating to Lindsay's parole, found on the headboard.

Lindsay and Johnson, each represented by separate counsel, were tried as codefendants before a jury in the district court for Douglas County. Neither Lindsay nor Johnson testified at the trial. On December 9, 1991, the jury found Lindsay guilty of unlawful possession of a controlled substance with intent to deliver.

After the guilty verdict, Lindsay obtained new counsel and filed a motion for new trial, claiming he had newly discovered evidence. At the hearing on this motion, Johnson testified that at about 1:30 on the morning of the search, she and a girl friend had purchased the crack cocaine later seized by the police. Johnson testified that at about 4 a.m. she called Lindsay and asked him to come to her house. Johnson also testified that Lindsay had no knowledge that she had purchased the crack or that the crack was on the headboard of her bed. At the hearing, the State adduced evidence that Lindsay and his former trial counsel knew of Johnson's exculpatory statements before Lindsay's jury trial.

Finding that the evidence of Johnson's testimony was not newly discovered, the district court overruled Lindsay's new trial motion and subsequently sentenced Lindsay to not less than 5 nor more than 7 years' imprisonment. Lindsay's replacement counsel timely filed a notice of appeal on Lindsay's behalf. In April 1992, Lindsay notified the appellate court that he had dismissed his replacement attorney because of lack of communication.

Acting pro se, Lindsay filed a motion to dismiss his direct appeal without prejudice which was granted on August 12, 1992.

Still acting pro se, Lindsay, on October 9, 1992, filed with the district court for Douglas County motions for postconviction relief and appointment of counsel. In his motion for postconviction relief, Lindsay alleged that the district court had erred in overruling his motions to suppress physical evidence, to reinstate jurors, for a mistrial, to dismiss, and for new trial. In

addition, Lindsay claimed he had received ineffective assistance of counsel because his trial attorney failed to investigate Johnson's claims of his nonparticipation in the crime charged and to call Johnson as a witness. Finding that all of Lindsay's allegations could have been raised on direct appeal, the district court overruled his postconviction relief motion on October 21.

On November 3, 1992, Lindsay filed an amended motion for postconviction relief. In his amended motion, Lindsay alleged that (1) his trial attorney should have requested a separate trial and called Johnson to testify on Lindsay's behalf; (2) his second attorney failed to adequately investigate his prior counsel's actions; and (3) because his second attorney had constructively abandoned his case, Lindsay dismissed his appeal on the advice of an inmate at the Omaha Correctional Center (OCC) who Lindsay claims was "assigned by OCC staff to serve as legal aide to inmates." On November 6, the district court overruled Lindsay's motion to amend his postconviction motion because it was untimely, Lindsay's postconviction relief motion having been ruled upon and disposed of by the trial court's October 21 order.

Lindsay timely appealed to the Nebraska Court of Appeals the district court's October 21, 1992, order which denied his motion for postconviction relief. Under our authority to regulate the caseloads of the appellate courts of this state, we removed the matter to this court.

As his sole assignment of error on appeal, Lindsay claims that the district court erred in denying his motion for postconviction relief.

## STANDARD OF REVIEW

In a motion for postconviction relief, the defendant must allege facts which, if proved, constitute a denial or violation of his or her rights under the Nebraska or federal Constitution, causing the judgment against the defendant to be void or voidable. *State v. Barrientos*, 245 Neb. 226, 512 N.W.2d 144 (1994). On appeal from a proceeding for postconviction relief, the trial court's findings of fact will be upheld unless such findings are clearly erroneous. *State v. Escamilla*, 245 Neb. 13, 511 N.W.2d 58 (1994).

## ANALYSIS

We begin by noting that the district court correctly dismissed as untimely Lindsay's November 3, 1992, amended motion for postconviction relief. Once a motion for postconviction relief has been judicially determined, any subsequent motion for such relief from the same conviction and sentence may be dismissed unless the motion affirmatively shows on its face that the basis relied upon for relief was not available at the time the prior motion was filed. *State v. Luna*, 230 Neb. 966, 434 N.W.2d 526 (1989). The additional facts alleged in Lindsay's amended motion clearly were available at the time he filed his prior postconviction relief motion. Consequently, we need not consider any alleged new facts or issues raised in Lindsay's amended motion for postconviction relief.

Our review is further limited by Lindsay's brief on appeal. It only discusses Lindsay's claim of ineffective assistance of counsel at trial. To be considered by an appellate court, a claimed prejudicial error must not only be assigned, but must be discussed in the brief of the asserting party. Neb. Ct. R. of Prac. 9D(1)d (rev. 1992). See, also, *Brewer v. Brewer*, 244 Neb. 731, 509 N.W.2d 10 (1993); *Lange Indus. v. Hallam Grain Co.*, 244 Neb. 465, 507 N.W.2d 465 (1993). Therefore, we will not review the other grounds for postconviction relief raised by Lindsay in his motion to the district court. We will confine our consideration to Lindsay's claim of ineffective assistance of counsel at the trial level.

With regard to Lindsay's claim of ineffective assistance at trial, the district court found that Johnson's testimony was presented to the trial court at Lindsay's motion for new trial hearing and that the decision of Lindsay's trial counsel not to call Johnson as a witness could have been raised on direct appeal. We agree.

A motion for postconviction relief cannot be used to secure the review of issues which were or could have been litigated on direct appeal. *State v. Bowen*, 244 Neb. 204, 505 N.W.2d 682 (1993); *State v. Stewart*, 242 Neb. 712, 496 N.W.2d 524 (1993). Some types of attack upon effectiveness of counsel cannot be reached upon a direct appeal because the evidence which may bear upon such a determination is not shown in the trial record.

*State v. Hert*, 192 Neb. 751, 224 N.W.2d 188 (1974).

The trial record in this case discloses the relevant evidence bearing upon Lindsay's claim of ineffective assistance of trial counsel. The record discloses the content of Johnson's exculpatory statements, Lindsay's trial counsel's knowledge of those statements prior to trial, and trial counsel's failure to call Johnson as a witness. Based on this trial record, Lindsay could have litigated through direct appeal his claim of ineffective assistance of counsel.

Lindsay had employed a new attorney when he filed his direct appeal, but chose to dismiss the attorney and his direct appeal before a hearing on the direct appeal. Regardless of why or upon whose advice, Lindsay chose this course of action while acting pro se, and he must accept the consequences of his decision. A pro se party is held to the same standards as one who is represented by counsel. *State v. Bowen, supra*; *State v. Shepard*, 239 Neb. 639, 477 N.W.2d 567 (1991). The district court was not clearly wrong in denying Lindsay's motion for postconviction relief on the ground that his claim of ineffective assistance of trial counsel could have been litigated on direct appeal.

Moreover, a review of the record discloses that Lindsay's claim that his trial counsel rendered ineffective assistance is without merit. To state a claim of ineffective assistance of counsel as violative of the Sixth Amendment to the U.S. Constitution and thereby obtain reversal of a conviction, a defendant must show that his or her counsel's performance was deficient and that such deficient performance prejudiced the defense, that is, demonstrate a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *State v. Bowen, supra*.

The standard for determining the propriety of a defendant's claim that his or her counsel's performance was deficient is whether the attorney, in representing the accused, performed at least as well as a lawyer with ordinary training and skill in the criminal law area. See *State v. Nielsen*, 243 Neb. 202, 498 N.W.2d 527 (1993). In determining whether a trial counsel's performance was deficient, there is a strong presumption that such counsel acted reasonably. *Id.*

The decision to call, or not to call, a particular witness, made by counsel as a matter of trial strategy, even if that choice proves unproductive, will not, without more, sustain a finding of ineffectiveness of counsel. *Id.*; *State v. Evans*, 235 Neb. 575, 456 N.W.2d 739 (1990). Trial counsel is afforded due deference to formulate trial strategy and tactics. See, *State v. Navrkal*, 242 Neb. 861, 496 N.W.2d 532 (1993); *State v. Wickline*, 241 Neb. 488, 488 N.W.2d 581 (1992).

The record discloses that Lindsay's trial counsel knew before trial of Johnson's claims that she had purchased the crack cocaine and that Lindsay had no knowledge of the drugs. Indeed, during trial and in arguing Lindsay's motion to dismiss, trial counsel attempted to show that the evidence linking Lindsay with the residence was insufficient and that it was Johnson's crack cocaine. Nonetheless, Lindsay's trial counsel did not call Johnson to testify in support of this theory of defense.

Given the circumstances of this case, we find that trial counsel's decision not to call Johnson as a witness was a strategy decision within the range of reasonable professional assistance and that, therefore, trial counsel performed at least as well as a lawyer with ordinary training and skill in the criminal law area.

Johnson testified at the hearing on Lindsay's motion for new trial that her attorney had advised her prior to trial of her right to testify and that she had elected not to testify at trial.

Johnson did not claim at the hearing on Lindsay's motion for new trial nor has Lindsay alleged in this appeal that Johnson ever changed her mind about not testifying at trial. Because Johnson had elected not to testify at her and Lindsay's joint trial, it is likely that she would have asserted her right not to testify if Lindsay's trial counsel had called her as a witness in Johnson's behalf. Thus, Lindsay's trial counsel made a reasonable decision not to call Johnson as a witness.

Even assuming Johnson would have testified, the prosecutor could have elicited damaging testimony from her on cross-examination that would have emphasized the evidence connecting Lindsay with Johnson's residence or otherwise undermined Lindsay's defense. Because of the risk of any such detrimental testimony, the decision not to call Johnson as a

witness was reasonable trial strategy.

## CONCLUSION

The district court was not clearly wrong in finding that Lindsay could have litigated his ineffective assistance of counsel claim on direct appeal. In any event, Lindsay has failed to establish that his trial counsel's assistance was deficient. The district court's denial of Lindsay's motion for postconviction relief is affirmed.

AFFIRMED.

BOSLAUGH, J., participating on briefs.