STATE OF NEBRASKA, APPELLANT, V. JOHN WIEMER, APPELLEE.
533 N.W.2d 122

Filed June 13, 1995.    No. A-94-052.

Charles W. Campbell, York County Attorney, for appellant.

Richard Douglas McClain, P.C., for appellee.

SIEVERS, Chief Judge, and MILLER-LERMAN and INBODY, Judges.

MILLER-LERMAN, Judge.

The State appeals the order of the York County District Court granting John Wiemer's motion for postconviction relief. For the reasons recited below, we reverse, and remand for a hearing.

## BACKGROUND

On December 17, 1990, the State filed an information against Wiemer charging him with three counts of sexual assault in the first degree, in violation of Neb. Rev. Stat. § 28-319 (Reissue 1989), each a Class II felony, punishable by up to 50 years' imprisonment. Each count charged that Wiemer's daughter had been subjected to sexual penetration by Wiemer. The offenses were alleged to have occurred during the period of June 15 to July 7, 1986. According to an interview with the daughter in 1990, conducted by her counselors at Boys Town, she alleged that she was assaulted while her mother was in Holland for 3 weeks. The State amended the information on December 21, 1990, alleging that the offenses occurred during an expanded timeframe from June 1 to September 30, 1986. Wiemer pled not guilty.

As a result of plea negotiations, the State filed a second amended information on March 22, 1991. The second amended information, to which Wiemer pled no contest, charged one count of incest, in violation of § 28-703 (Reissue 1989), a Class III felony, punishable by 20 years' imprisonment, a $25,000 fine, or both. The act of incest was alleged to have occurred during the period from June 1 to September 30, 1986.

At the hearing to accept the plea, the court asked the State to recite the factual basis for the prosecution and conviction. The prosecutor recited the following factual basis:

> Judge, the basis for the charge would be evidence that during August through September of 1986, that Mr. Wiemer engaged in sexual intercourse with his daughter . . . at their residence located at . . . York County, Nebraska, and this occurred during a period while Mr. Wiemer's wife [the mother] was away in Holland on vacation.

The court asked Wiemer if his plea of no contest was made "solely and only because of the fact [that Wiemer did] not contest the things that [the prosecutor] just related into the record." The court also asked, "Do you disagree with any of the facts that [the prosecution] just related into the record?" Counsel for Wiemer responded, "Your Honor, my understanding in discussing with the defendant that he may not agree with the facts as related into the record, but he is not going to challenge them as presented." The court queried, "He may not agree but he doesn't want to challenge them?" Defense counsel replied, "Correct, Your Honor."

Wiemer's plea of no contest was accepted, and he was found guilty of one count of incest. On May 21, 1991, Wiemer was sentenced to not less than 6 nor more than 20 years in the Nebraska Department of Correctional Services, with credit for time served. A direct appeal was not taken.

On July 30, 1992, Wiemer filed a pro se motion for postconviction relief. Wiemer voluntarily withdrew the motion, and it was dismissed without prejudice on October 9, 1992.

On September 15, 1993, the current postconviction motion was filed by counsel on Wiemer's behalf. The essence of Wiemer's postconviction motion is that he was denied due process because his trial counsel was ineffective. Wiemer claims that trial counsel was ineffective because he did not raise the defense of the statute of limitations, or if it was raised and denied, he was ineffective in failing to appeal such a denial. The record before this court does not show whether or not the defense of the statute of limitations was raised in any manner at the trial level.

On October 4, 1993, the State filed a demurrer to the postconviction motion, contending that Wiemer's postconviction motion asserted a violation of the statute of limitations, which is a claim of a statutory violation, as opposed to a constitutional violation, and which does not render Wiemer's conviction void or voidable under either the Nebraska or U.S. Constitution, as required for postconviction relief. The district court took the demurrer under advisement. On January 4, 1994, Wiemer filed a motion requesting a ruling on the State's demurrer. On January 4, the district court issued an order granting Wiemer's motion for postconviction relief.

The district court's order granting postconviction relief noted that the crime of incest, to which charge Wiemer pled no contest and of which he was convicted, has a 3-year statute of limitations, Neb. Rev. Stat. § 29-110 (Reissue 1985), and concluded that "the Statute of Limitations ran on all of the charges of all of the Informations on September 30, 1989, under that statute. The facts offered by the State to support a finding of guilt upon the defendant's plea of nolo contendere show acts prior to September 30, 1986." Based on these findings and conclusions, the district court granted postconviction relief and vacated the conviction and sentence. The district court dismissed the information with prejudice and ordered Wiemer released. The State appeals to this court.

## ASSIGNMENTS OF ERROR

The State assigns the following errors: (1) The trial court erred in granting postconviction relief without an evidentiary hearing, (2) the trial court erred in failing to find that Wiemer waived his statute of limitations claims by pleading no contest, and (3) the trial court erred in finding that Wiemer's conviction was barred by the statute of limitations.

## SCOPE OF REVIEW

In a motion for postconviction relief, the defendant must allege facts which, if proved, constitute a denial or violation of his or her rights under the Nebraska or federal Constitution, causing the judgment against the defendant to be void or voidable. *State v. Lindsay*, 246 Neb. 101, 517 N.W.2d 102 (1994); *State v. Marchese*, 245 Neb. 975, 515 N.W.2d 670

(1994); *State v. Barrientos*, 245 Neb. 226, 512 N.W.2d 144 (1994). A defendant requesting postconviction relief must establish the basis for such relief, and the findings of the district court will not be disturbed unless they are clearly erroneous. *State v. Barrientos, supra.*

■ Regarding matters of law, an appellate court has an obligation to reach a conclusion independent of that of the trial court in a judgment under review. *State v. Roche, Inc.*, 246 Neb. 568, 520 N.W.2d 539 (1994); *State v. White*, 244 Neb. 577, 508 N.W.2d 554 (1993).

## ANALYSIS

Certain general principles of law are set forth before analyzing this appeal:

*Postconvicion Motion.*

Section 29-3001 of the Nebraska Postconviction Act, Neb. Rev. Stat. § 29-3001 et seq. (Reissue 1989 & Cum. Supp. 1994), provides in pertinent part:

> A prisoner in custody under sentence and claiming a right to be released on the ground that there was such a denial or infringement of the rights of the prisoner as to render the judgment void or voidable under the Constitution of this state or the Constitution of the United States, may file a verified motion at any time in the court which imposed such sentence, stating the grounds relied upon, and asking the court to vacate or set aside the sentence.

Section 29-3001 of the Nebraska Postconviction Act further provides that the trial court need not entertain a second motion or successive motions for postconviction relief and that "[u]nless the motion and the files and records of the case show to the satisfaction of the court that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing . . . ."

*Propriety of Second Postconviction Motion.*

■ The State notes in its brief that Wiemer previously filed a postconviction motion, and it suggests that the district court improperly considered Wiemer's second postconviction motion. The State correctly notes that claims which could have

been litigated in a first postconviction case may not be litigated in a second postconviction case. *State v. Stewart*, 242 Neb. 712, 496 N.W.2d 524 (1993). See, also, *State v. Keithley*, 247 Neb. 638, 529 N.W.2d 541 (1995). However, dismissal of subsequent postconviction claims is contingent on the previous "motion for postconviction relief [having] been judicially determined." *State v. Lindsay*, 246 Neb. at 106, 517 N.W.2d at 106. Accord *State v. Luna*, 230 Neb. 966, 434 N.W.2d 526 (1989). See, *State v. Whitmore*, 238 Neb. 125, 469 N.W.2d 527 (1991) (holding that consideration of second postconviction motion was proper where first postconviction motion was dismissed because defendant was in federal rather than Nebraska custody); *State v. Svoboda*, 199 Neb. 452, 259 N.W.2d 609 (1977) (holding that for postconviction purposes, issues raised on direct appeal but disposed of procedurally had not been "litigated"). Accordingly, we conclude that because Wiemer's first postconviction motion was not judicially determined, the district court's consideration of Wiemer's second postconviction motion was proper.

*Propriety of Amended Information.*

■ Procedural due process requires that an individual charged be notified of the charge and given a reasonable opportunity to be heard and to present any defense to the charge. See *State ex rel. Labedz v. Beermann*, 229 Neb. 657, 428 N.W.2d 608 (1988). We recognize that an information may be amended before a verdict or finding if no new additional or different offense is charged and the substantive rights of the defendant are not prejudiced. See *State v. Beermann*, 231 Neb. 380, 436 N.W.2d 499 (1989). Indeed, an information charging sexual assault on a child may be amended to expand the dates based on the trial evidence. *State v. Piskorski*, 218 Neb. 543, 357 N.W.2d 206 (1984). Accordingly, we find no impropriety in the State's having amended the original information.

*Effect of No Contest Plea.*

■ A plea of no contest, or nolo contendere, is equivalent to a plea of guilty for convicting and sentencing a defendant. *State v. Kitt*, 232 Neb. 237, 440 N.W.2d 234 (1989); *State v. Luther*, 213 Neb. 476, 329 N.W.2d 569 (1983). It has

been held that the voluntary entry of a guilty plea or a plea of no contest waives every defense to a charge, whether the defense is procedural, statutory, or constitutional. *State v. Start*, 239 Neb. 571, 477 N.W.2d 20 (1991). Further, "[t]he only exceptions are for the defenses of insufficiency of the indictment, information, or complaint; ineffective assistance of counsel; and lack of jurisdiction." *Id*. at 574, 477 N.W.2d at 22-23. See, also, *State v. Russell*, 239 Neb. 979, 479 N.W.2d 798 (1992). Accordingly, we conclude that Wiemer's no contest plea had the effect of a guilty plea and that the plea did not waive Wiemer's claim of ineffective assistance of counsel.

*Ineffective Assistance of Counsel.*

State v. Nielsen, 243 Neb. 202, 498 N.W.2d 527 (1993), generally sets forth the two-pronged test for determining the effectiveness of counsel in a postconviction case as follows: (1) whether the attorney, in representing the defendant, performed at least as well as an attorney with ordinary training and skill in criminal law in the area and (2) whether the defendant was prejudiced in the defense of his case as a result of his attorney's actions or inactions. The two-pronged test in *Nielsen* was derived from *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). In summarizing the holding in *Strickland*, the *Nielsen* court stated:

> Under *Strickland*, a [postconviction] defendant must show that his trial counsel's performance was deficient and that the deficient performance prejudiced the defendant's defense in such a way that the defendant was denied a fair trial, that is, that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.

243 Neb. at 212, 498 N.W.2d at 536. Thus, under *Strickland*, to be successful, a defendant seeking postconviction relief must show counsel's deficient performance and prejudice to the defendant.

It has been held that the defendant has the burden of demonstrating ineffectiveness of counsel, and the record must affirmatively support the claim. *State v. Domingus*, 234 Neb.

267, 450 N.W.2d 668 (1990). The Nebraska Supreme Court has stated:

> The question of whether counsel performed in accordance with the test set out in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), is a legal matter concerning which judges are required to be their own experts; judging the law is one of the more important judicial functions.

*State v. Joubert*, 235 Neb. 230, 243, 455 N.W.2d 117, 126 (1990). It has also been held that "[a] plea of guilty will be found to be freely and voluntarily entered upon the advice of counsel if that advice is within the range of competence demanded of attorneys in criminal cases." *State v. Escamilla*, 245 Neb. 13, 20, 511 N.W.2d 58, 63 (1994).

In *Strickland v. Washington, supra*, the U.S. Supreme Court noted that even where counsel's representation was deficient, the "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. at 694. The additional "prejudice" requirement is based on the proposition that "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.*, 466 U.S. at 691. Thus, "[e]ven if a defendant shows that particular errors of counsel were unreasonable . . . the defendant must show that they actually had an adverse effect on the defense." *Id.*, 466 U.S. at 693.

In Nebraska, the Supreme Court has long held that proof of prejudice is required to succeed in establishing a claim of ineffective assistance of counsel. See, e.g., *State v. Mays*, 203 Neb. 487, 279 N.W.2d 146 (1979). Proof of a deficient performance must be accompanied by proof of prejudice to succeed in an ineffective assistance of counsel claim. *State v. Hochstein*, 216 Neb. 515, 344 N.W.2d 469 (1984). "In order to satisfy the prejudice requirement in the context of a plea, the defendant must show that there is a reasonable probability that, but for counsel's errors, the defendant would not have pled and would have insisted upon going to trial." *State v. Escamilla*, 245 Neb. at 21, 511 N.W.2d at 63-64. See, also, *State v. Wakeman*,

231 Neb. 66, 434 N.W.2d 549 (1989).

In meeting the prejudice standard, *Strickland v. Washington, supra,* states, "[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." 466 U.S. at 693. Instead, a defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.,* 466 U.S. at 694. In making this determination, a court "must consider the totality of the evidence before the judge or jury." *Id.,* 466 U.S. at 695. Under *Strickland,* the court may evaluate an ineffectiveness of counsel claim for deficient performance by counsel and for prejudice in any order.

*Applicable Statute of Limitations.*

At the time Wiemer allegedly committed the acts charged in the information, the statute of limitations for first degree sexual assault was 3 years, and the statute of limitations for incest was 3 years. § 29-110 (Reissue 1985). The statute of limitations for incest remained at 3 years throughout the relevant period. In 1989, the Nebraska Legislature amended § 29-110 and changed the limitations period for first degree sexual assault to 5 years, with an effective date of August 25, 1989. § 29-110 (Reissue 1989). The Legislature again amended § 29-110 in 1990, extending the limitations period for first degree sexual assault to 7 years, effective April 15, 1990. § 29-110 (Cum. Supp. 1992).

In *State v. Hirsch,* 245 Neb. 31, 511 N.W.2d 69 (1994), the Nebraska Supreme Court stated that an extended statute of limitations properly applies to crimes where the statute of limitations had not yet run on the alleged acts at the time a new statute of limitations law took effect. These extensions do not violate the ex post facto clause. *Id.* Thus, under *Hirsch,* in deciding whether a charge of first degree sexual assault is time barred, the question is whether the original limitations period had run before the new law extending the limitations period became effective. Pursuant to

*Hirsch*, acts of first degree sexual assault committed on or after August 25, 1986, were not time barred when the statute of limitations was extended to 5 years and, therefore, were subject to prosecution under the new 5-year law. However, acts of first degree sexual assault committed on or before August 24, 1986, would have been time barred on August 25, 1989, and, therefore, were not subject to the extended statute of limitations. In the instant case, an information charging first degree sexual assault filed in 1990, alleging acts of first degree sexual assault on or prior to August 24, 1986, was subject to challenge as being time barred and was subject to dismissal if the evidence showed that the acts were in fact committed on or before August 24, 1986.

Wiemer claims in his postconviction motion that his trial counsel was ineffective because he failed to assert and demonstrate that the action was barred by the statute of limitations. The import of Wiemer's postconviction pleadings is that the factual basis for the plea, as recited by the State, is that the acts charged took place while the victim's mother was in Holland for 3 weeks, and that competent counsel would have demonstrated that those 3 weeks occurred prior to August 24, 1986.

The State asserts that the acts allegedly committed by Wiemer between August 25 and September 30, 1986, were not time barred based on *Hirsch* and that the first amended information, which included this period, was not deficient. The State also notes that the incest charge, which bears a 3-year statute of limitations that was not extended, was time barred when filed on March 22, 1991, but that Wiemer waived the statute of limitations defense as to incest by pleading no contest to the incest charge.

*Waiver of Statute of Limitations.*

The State asserts that Wiemer obtained a favorable plea agreement and knowingly and voluntarily waived his statute of limitations defense. The State cites authority from other jurisdictions in which it is concluded that the statute of limitations is nonjurisdictional and waivable. In contrast, Wiemer argues that the statute of limitations is jurisdictional

and cannot be waived, or if the limitations period is waivable, the record must demonstrate a knowing and deliberate waiver.

The jurisdictions are split on the issue of whether a guilty plea waives the statute of limitations defense. The weight of authority is that the statute of limitations is an affirmative defense and can be waived by a guilty plea. See, e.g., *Hubbard v. State*, 110 Nev. 671, 877 P.2d 519 (1994); *Longhibler v. State*, 832 S.W.2d 908 (Mo. 1992); *Conerly v. State*, 607 So. 2d 1153 (Miss. 1992); *State v. Cole*, 452 N.W.2d 620 (Iowa App. 1989); *State v. Johnson*, 422 N.W.2d 14 (Minn. App. 1988); *People v Dickson*, 133 A.D.2d 492, 519 N.Y.S.2d 419 (1987); *State v. Littlejohn*, 199 Conn. 631, 508 A.2d 1376 (1986); *People v Allen*, 192 Mich. App. 592, 481 N.W.2d 800 (1992); *State v. Brown*, 43 Ohio App. 3d 39, 539 N.E.2d 1159 (1988). The majority of the federal circuits have also held that the statute of limitations is a waivable defense. See *Longhibler v. State, supra* (citing in footnote 1 a collection of cases supporting this proposition). The majority of these cases rely on the Supreme Court holding in *Biddinger v. Commissioner of Police*, 245 U.S. 128, 135, 38 S. Ct. 41, 62 L. Ed. 2d 193 (1917), which states that the "statute of limitations is a defense and must be asserted on the trial by the defendant in criminal cases." We agree with the reasoning of these cases and conclude that the statute of limitations is a waivable defense. For the sake of completeness, we note that the cases holding that the statute of limitations is not waivable generally reason that the statute of limitations is jurisdictional. See, e.g., *Speigner v. State*, No. CR 93-1242, 1994 WL 717034 (Ala. Crim. App. Dec. 29, 1994); *People v. Ognibene*, 12 Cal. App. 4th 1286, 16 Cal. Rptr. 2d 96 (1993).

In Nebraska, the Supreme Court has held in a criminal case that in order for the court to charge a jury on a lesser-included offense which is time barred, a defendant must explicitly waive the statute of limitations. *State v. Keithley*, 236 Neb. 631, 463 N.W.2d 329 (1990). See *Spaziano v. Florida*, 468 U.S. 447, 104 S. Ct. 3154, 82 L. Ed. 2d 340 (1984). From *Keithley*, we infer generally that in Nebraska, the statute of limitations can, under proper circumstances, be waived, and based on the weight of authority outside Nebraska, we conclude that the statute of limitations is a waivable defense.

*Ineffectiveness of Counsel: Postconviction Relief.*

In granting relief in this postconviction case, the district court found that the statute of limitations was a "substantive element" and that the State failed to prove the alleged acts were committed within the applicable limitations period. We find this ruling to be in error.

Based on the principles recited above, we conclude that in a proper case, Wiemer could knowingly and voluntarily waive his statute of limitations defense by a guilty or no contest plea to incest, even though the statute of limitations had admittedly run. We further conclude, based on *State v. Hirsch*, 245 Neb. 31, 511 N.W.2d 69 (1994), and the statutory extensions, that criminal acts of first degree sexual assault, if any, on or after August 25, 1986, were not time barred. However, based on *Hirsch* and the statutes, acts of first degree sexual assault on or before August 24, 1986, were time barred.

Acts of first degree sexual assault on or prior to August 24, 1986, were time barred under the original information and amended information. The State's factual basis for the plea and the theory of the State's case was that Wiemer committed criminal acts "during a period while Mr. Wiemer's wife [the mother] was away in Holland on vacation." Wiemer claims in this postconviction proceeding that the time during which the mother was in Holland was a finite provable period, apparently on or prior to August 24, 1986, and that had he gone to trial, defense counsel could have established the dates of this discrete period. Wiemer continues that the evidence would show that the alleged acts would have occurred before August 24, 1986, and were thus time barred, precluding a conviction. Where, as here, it is alleged in a postconviction proceeding that the timeframe for the commission of the charged acts can be demonstrated to have occurred during a period which is time barred, we conclude that counsel would be deficient in not challenging the allegations in the charging document. Because the trial court did not conduct a hearing, we are unable to determine on this record when the 3-week time period occurred and Wiemer's possible entitlement to relief.

## CONCLUSION

In this postconviction case, Wiemer claims that he was prejudiced by his trial counsel's failure to challenge the statute of limitations. Wiemer claims that counsel's failure to try the case, where the exculpatory period could have been readily proven, had an adverse effect on the defense and resulted in prejudice. Based on the files and records of the case, Wiemer was entitled to a hearing under § 29-3001. Based on our review of the law and record in this case, we conclude that the trial court erred in its legal conclusion that the statute of limitations had expired on acts alleged in all three informations. We further conclude that Wiemer's postconviction allegations are sufficient to require a hearing under § 29-3001 to determine if counsel's actions had an adverse effect on the defense. We anticipate that the postconviction hearing will examine, inter alia, the dates of the mother's trip to Holland for the purpose of determining whether the alleged acts were time barred. For the foregoing reasons, we reverse, remand for a postconviction hearing, and vacate the order of release from custody.

REVERSED AND REMANDED.