782 N.W.2d 12 (2010)
279 Neb. 728
STATE of Nebraska, appellee,
v.
Tyrus T. SHELLY, appellant.
No. S-09-618.
Supreme Court of Nebraska.
April 23, 2010.
*13 Brian S. Munnelly for appellant.
Jon Bruning, Attorney General, and James D. Smith, Lincoln, for appellee.
HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.
MILLER-LERMAN, J.

NATURE OF CASE
Tyrus T. Shelly appeals the June 3, 2009, order of the district court for Douglas County denying his second postconviction motion. We conclude that the district court was without authority to consider the second postconviction motion at issue until his first postconviction motion had been resolved. We therefore affirm in part, and in part vacate and remand with directions to dismiss Shelly's second postconviction motion filed January 23, 2009, without prejudice, and to hold an evidentiary hearing on Shelly's first postconviction motion filed August 14, 2003, in accordance with our prior mandate in case No. S-03-1045.

STATEMENT OF FACTS
In 1995, pursuant to a plea agreement, Shelly pled guilty to second degree murder, attempted second degree murder, and two counts of use of a firearm to commit a felony. Shelly was sentenced to imprisonment for 30 years to life on the murder count, 25 to 30 years on the attempted murder count, and 5 to 10 years on each of the firearm counts. The sentence in the attempted murder count was ordered to be served concurrent to the sentence in the murder count; the sentences in the firearm counts were ordered to be served concurrent to one another but consecutive to the other sentences. In this appeal, we do not consider the statutory correctness of the concurrent sentencing on the firearms counts.
On August 14, 2003, Shelly filed a motion for postconviction relief in which he asserted that his trial counsel had failed to comply with his request to file a direct *14 appeal. After determining that Shelly's allegations were conclusory in nature, that he failed to specify what aspect of his case warranted an appeal or what issues should have been appealed, and that he failed to show how he was prejudiced by counsel's alleged failure to file an appeal, the district court denied postconviction relief without an evidentiary hearing.
Shelly appealed the denial of his postconviction motion to this court. On appeal, the State filed a suggestion for remand in which it conceded that the district court erred by denying the postconviction motion on the basis that Shelly failed to show prejudice. The State cited State v. Trotter, 259 Neb. 212, 609 N.W.2d 33 (2000), in which we held that prejudice will be presumed when counsel fails to file or perfect an appeal after being so directed by a criminal defendant. The State also cited State v. McCroy, 259 Neb. 709, 613 N.W.2d 1 (2000), in which we applied the rule in Trotter to plea-based convictions. Shelly filed a motion in support of the State's suggestion for remand.
We treated the filings as a stipulation for summary reversal and concluded that summary reversal should be granted. In an order filed November 26, 2003, in case No. S-03-1045, we vacated the judgment of the district court denying postconviction relief and remanded the cause to the district court with directions to conduct an evidentiary hearing with respect to Shelly's allegation that his trial counsel had failed to perfect a direct appeal from his plea-based convictions and sentences after being requested to do so by Shelly. Our mandate with respect to this first postconviction action issued accordingly.
After our mandate, on January 23, 2009, Shelly filed a new motion for postconviction relief captioned "Verified Motion for Postconviction Relief." In this motion, which we deem as Shelly's second motion for postconviction relief, Shelly asserted six claims for relief: (1) that the trial court lacked subject matter jurisdiction, (2) that his pleas were invalid, (3) that he was denied counsel during a lineup, (4) that he was denied effective assistance of trial counsel, (5) that he was denied effective assistance of appellate counsel when counsel failed to file a direct appeal, and (6) that he was denied effective assistance of postconviction counsel. Shelly also asserted that his postconviction counsel had withdrawn from representing him in 2005, and the court subsequently granted Shelly's request for appointment of counsel.
The district court took up the January 23, 2009, second post-conviction motion and entered an order with respect thereto on June 3, which order is the subject of this appeal. In the order, the district court noted that Shelly had previously filed a motion for postconviction relief, that the district court had overruled such motion, and that this court had remanded the cause for an evidentiary hearing on the issue of counsel's alleged failure to file a direct appeal. The court determined that "[b]ecause of the mandate on one issue, [the district court had] no authority to consider the additional issues set forth in [Shelly's] most recent motion." The court then stated that even if it were to consider the motion filed January 23 as a second motion for postconviction relief, the motion was "procedurally barred" as a successive motion. The court therefore "overruled" the January 23 motion and ordered that "only the one issue required by mandate is to be addressed at the evidentiary hearing."
Shelly appeals the June 3, 2009, order.

ASSIGNMENTS OF ERROR
Shelly claims that the district court erred by failing to consider the additional issues he presented in the January 23, *15 2009, postconviction motion. Shelly claims that the court's determination that it did not have authority to consider the second postconviction motion under the scope of this court's prior mandate was error or, in the alternative, that the court's determination that the motion was procedurally barred as a successive motion was error.

STANDARD OF REVIEW
A jurisdictional question that does not involve a factual dispute is determined by an appellate court as a matter of law, which requires the appellate court to reach a conclusion independent of the lower court's decision. State v. York, 278 Neb. 306, 770 N.W.2d 614 (2009).

ANALYSIS
We note first that although at oral argument in this appeal Shelly sought to recharacterize his January 23, 2009, filing as an amendment to his first postconviction motion, in his brief, he referred to the January 23 motion as a "Second Verified Motion for Postconviction Relief," brief for appellant at 12, and asserted that his first motion for postconviction relief "was never adjudicated," id. at 15. We note further that the January 23 filing was titled "Verified Motion for Postconviction Relief" and contained no language requesting to amend the first motion for postconviction relief. The January 23 motion is therefore properly characterized as a second motion for postconviction relief.
In Shelly's appeal to this court from the denial of his first postconviction motion, we remanded the cause with directions to hold an evidentiary hearing on the issue of whether he was denied effective assistance of counsel when counsel did not file a direct appeal. The record before us indicates that the evidentiary hearing was never held, and there is no indication in the record that Shelly made any sort of filing in the district court to resolve the proceedings with respect to the first postconviction motion. We conclude that because proceedings with respect to the first postconviction motion have not been resolved, it was premature for Shelly to file a second motion for postconviction relief, and the district court should have dismissed such motion rather than ruling on it.
In resolving the current appeal, we refer to State v. Wiemer, 3 Neb.App. 821, 533 N.W.2d 122 (1995). In Wiemer, the defendant had voluntarily withdrawn his first postconviction motion and the appellate court implicitly reasoned that because the first motion for postconviction relief was no longer pending, the district court's consideration of the defendant's second postconviction motion was proper. The present case stands in contrast to Wiemer.
At the time Shelly filed the second postconviction motion, the evidentiary hearing on the first motion was still pending and it was premature for Shelly to file a second motion. Because the evidentiary hearing regarding the first postconviction motion has not yet been held, there has not been a ruling regarding whether counsel provided ineffective assistance by not filing a direct appeal. Thus, it is conceivable that following the evidentiary hearing in the first postconviction motion, the district court could grant relief in the form of a new direct appeal and that such appeal could encompass the claims Shelly set forth in the second postconviction motion.
As the district court correctly noted in its June 3, 2009, order, consideration of the second postconviction motion was outside the scope of the mandate from this court which was limited to an evidentiary hearing on the one issue raised in the first postconviction motion. After receiving a mandate, a trial court is without power to *16 affect the rights and duties outside the scope of the remand from an appellate court. County of Sarpy v. City of Gretna, 276 Neb. 520, 755 N.W.2d 376 (2008). Therefore, the district court was correct in noting that it could not consider the substance of Shelly's second postconviction motion as part of the remand regarding the first postconviction motion.
However, the district court's ruling that the second postconviction motion was procedurally barred was a ruling on the merits of the second postconviction motion and was outside the scope of the mandate. Because consideration of the second motion exceeded the mandate from this court and because it was premature for Shelly to file a second motion before the first motion had been resolved, the district court was without jurisdiction to consider the second postconviction motion and should have dismissed the second motion without prejudice rather than ruling on it. We therefore vacate this portion of the June 3, 2009, order. For completeness, we note that in its June 3 order, the district court contemplated an evidentiary hearing on the direct appeal issue raised in the first postconviction motion. Such evidentiary hearing has not yet been held and should be held on remand from this appeal.

CONCLUSION
We conclude that Shelly's second postconviction motion was premature, because proceedings with regard to his first postconviction motion were still pending and consideration of the second postconviction motion was outside the scope of the mandate on remand from the appeal of the denial of his first postconviction motion. We vacate that portion of the district court's order overruling the second postconviction motion. We remand the cause to the district court with directions to dismiss the second postconviction motion without prejudice and to forthwith conduct an evidentiary hearing on the first postconviction motion in accordance with the mandate of this court in case No. S-03-1045.
AFFIRMED IN PART, AND IN PART VACATED AND REMANDED WITH DIRECTIONS.