IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**

STATE V. GRIFFIN

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,
V.
JAMES GRIFFIN, APPELLANT.

Filed August 26, 2014.    Nos. A-13-504, A-13-506.

Appeal from the District Court for Douglas County: W. RUSSELL BOWIE III, Judge. Affirmed in part, and in part vacated.

Thomas C. Riley, Douglas County Public Defender, and Cheryl M. Kessell for appellant.

Jon Bruning, Attorney General, and, on brief, J. Kirk Brown for appellee.

IRWIN, MOORE, and BISHOP, Judges.

IRWIN, Judge.

## I. INTRODUCTION

In an earlier postconviction appeal to this court, *State v. Griffin*, 20 Neb. App. 348, 823 N.W.2d 471 (2012) (*Griffin I*), James Griffin prevailed on one of the issues he raised. In that appeal, Griffin alleged, and we agreed, that when the district court conducted the postconviction proceeding, it had erred in not setting aside Griffin's sentences. This holding was based on our finding that the trial record demonstrated sufficient doubt about Griffin's competency at the time of his sentencing hearing. Because of this postconviction error, we vacated the sentences; remanded the matter for a determination of Griffin's competency; and ordered that if Griffin was found to be competent, that a new sentencing hearing be held.

Griffin's instant appeal stems from the district court's postremand order which found Griffin competent to be sentenced and then imposed new sentences. While Griffin does not appeal the finding of competency, he does appeal the new sentences imposed. In addition, he argues that the trial court erred by denying his request to allow him to withdraw his original no contest pleas.

- 1 -

We find no abuse of discretion with the sentences imposed on remand, and we find the trial court was without jurisdiction on remand to entertain and rule on Griffin's request to withdraw his no contest pleas.

## II. BACKGROUND

These consolidated cases are now before this court for a third time. Below is the chronology of the proceedings over the years:

### 1. DIRECT APPEAL

In 2005, as the result of a plea bargain, Griffin entered pleas of no contest to two charges: burglary and first degree sexual assault. Griffin was sentenced to 5 to 10 years' imprisonment for the burglary conviction and to 25 to 40 years' imprisonment for the first degree sexual assault conviction. The convictions were ordered to run consecutively. On direct appeal, this court summarily affirmed the convictions and sentences.

### 2. POSTCONVICTION ACTION

In 2011, Griffin commenced a postconviction action. This action was ultimately unsuccessful, as his claims were denied by the district court. On appeal from the district court's denial of postconviction relief, however, this court reversed the district court's decision to deny all of Griffin's postconviction claims. *Griffin I, supra*. This court's opinion in *Griffin I* contained the usual "Conclusion" section, which read as follows:

> We find that the district court erred in denying postconviction relief. The record demonstrates that there was sufficient indication to create a sufficient doubt about Griffin's competency at the time of his sentencing and that the trial court failed to comport with due process in resolving the competency issue. We vacate the sentences and remand the matter for a new sentencing hearing consistent with this opinion.

20 Neb. App. at 362, 823 N.W.2d at 481. This section was followed by the holding, which stated, "Sentences vacated, and cases remanded for further proceedings." *Id.*

The mandate issued to the trial court as a result of our decision stated inter alia:

> The sentence which you rendered has been vacated and cause remanded for further proceedings by the Nebraska Court of Appeals.
>
> Now, therefore, you shall, without delay, proceed to enter judgment in conformity with the judgment and opinion of this court.

### 3. CURRENT APPEAL

We are now faced with Griffin's third and current appeal. The genesis of this current appeal is the district court's postremand orders, which found Griffin to be competent to be sentenced, denied Griffin's request to withdraw his 2005 no contest pleas, and imposed new sentences for Griffin's convictions for burglary and first degree sexual assault. We note that these "new" sentences are actually identical to the original sentences.

## III. ASSIGNMENTS OF ERROR

Griffin assigns two errors, restated and renumbered, on appeal. First, Griffin alleges that the district court erred in overruling his motion to withdraw his 2005 no contest pleas. Second, he alleges that the sentences imposed by the district court were an abuse of discretion.

## IV. ANALYSIS

### 1. MOTION TO WITHDRAW NO CONTEST PLEAS

The postconviction relief granted to Griffin by this court in *Griffin I* was accompanied by a mandate. That mandate was the guiding directive to the district court defining what jurisdiction it possessed and what actions it was to take. Upon our review, we agree with the State that Griffin's effort on remand to withdraw his 2005 no contest pleas was beyond the scope of the mandate issued by this court and that thus, the district court was without jurisdiction to address, or in any way alter, the 2005 no contest pleas.

After receiving a mandate from an appellate court, a trial court is without power to act beyond the scope of the remand from an appellate court. *State v. Shelly*, 279 Neb. 728, 782 N.W.2d 12 (2010). See, also, *Klingelhoefer v. Monif*, 286 Neb. 675, 839 N.W.2d 247 (2013). A district court has an unqualified duty to follow the mandate issued by an appellate court and must enter judgment in conformity with the opinion and judgment of the appellate court. *Klingelhoefer v. Monif, supra*. The judgment of the appellate court is a final judgment in the cause, and the entry thereof in the lower court is a purely ministerial act. See *Custom Fabricators v. Lenarduzzi*, 259 Neb. 453, 610 N.W.2d 391 (2000). See, also, *K N Energy, Inc. v. Cities of Broken Bow et al.*, 248 Neb. 112, 532 N.W.2d 32 (1995).

The construction of a mandate issued by an appellate court presents a question of law on which an appellate court is obligated to reach a conclusion independent of the determination reached by the court below. *Pursley v. Pursley*, 261 Neb. 478, 623 N.W.2d 651 (2001).

Here, the issue is whether Griffin's 2005 pleas were outside the scope of the mandate issued by this court in *Griffin I*. The directive given by this court was clear and did not even remotely allude to Griffin's 2005 pleas. Therefore, Griffin's request to withdraw his pleas constituted an improper attempt to obtain further relief, which he had not previously requested from the district court or the Court of Appeals.

In the district court's order denying Griffin's request to withdraw his pleas, it found that Griffin "failed to carry his burden by clear and convincing evidence that he has a fair and just reason to withdraw his pleas." This order indicates that the district court considered the merits of Griffin's request to withdraw the pleas. However, because such request was clearly beyond the mandate of this court, the district court did not have jurisdiction to consider Griffin's request on its merits or to enter such an order. Accordingly, we order that the court's order concerning the plea withdrawal be stricken in its entirety.

### 2. EXCESSIVE SENTENCES

Griffin also appeals the sentences imposed by the district court on remand. The new sentences, which were identical to the original sentences, were 5 to 10 years' imprisonment for the burglary conviction and 25 to 40 years' imprisonment for the first degree sexual assault

conviction. These sentences were ordered to be served consecutively. A conviction for burglary is punishable by a term of 1 to 25 years' imprisonment, a $25,000 fine, or both. A conviction for first degree sexual assault is punishable by a term of 1 to 50 years' imprisonment. See Neb. Rev. Stat. § 28-105 (Reissue 2008).

The State argues that we need not address this assignment of error. The basis of the argument is somewhat intriguing. The State asserts, summarized, that the new sentences are not only within the statutory limits for Griffin's convictions, but the sentences are also identical to the sentences that were originally imposed and summarily affirmed by this court in an earlier appeal. The State goes on to contend that Griffin has already litigated this issue and should not be permitted to relitigate it in the context of the current appeal.

While the State's argument is intriguing, we choose not to broach this novel legal issue in the context of such a factually peculiar case. Rather, we will conduct our usual review for an abuse of discretion in sentencing. An appellate court will not disturb sentences imposed that are within statutory limits absent an abuse of discretion by the trial court. *State v. Kass*, 281 Neb. 892, 799 N.W.2d 680 (2011).

After conducting a review of the record, we find no abuse of discretion by the trial court and find this error meritless.

## V. CONCLUSION

We vacate that portion of the district court's order which addressed in any way Griffin's 2005 no contest pleas. We affirm the remainder of the district court's order.

AFFIRMED IN PART, AND IN PART VACATED.