278 Neb. 248
State of Nebraska, appellee,
v.
L.T. Thomas, appellant.
No. S-08-1177.
Supreme Court of Nebraska.
Filed July 31, 2009.
James E. Schaefer and Jill A. Podraza, of Gallup & Schaefer, for appellant.
Jon Bruning, Attorney General, and George R. Love for appellee.
HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, and MILLER-LERMAN, JJ.
HEAVICAN, C.J.

I. INTRODUCTION
L.T. Thomas appeals the denial of his motion for postconviction relief by the Douglas County District Court. Thomas was convicted in 1995 of murder in the second degree, first degree assault, and two counts of use of a firearm to commit a felony. Afterward, Thomas was found to be a habitual criminal and his sentences were enhanced. In 2002, Thomas appealed, and in State v. Thomas (Thomas I),[1] we affirmed Thomas' convictions but found there was insufficient evidence to sentence Thomas as a habitual criminal and remanded the cause for resentencing. Thomas was found to be a habitual criminal at his resentencing, and, on appeal in 2004, in State v. Thomas (Thomas II),[2] we affirmed his sentences. Thomas filed this postconviction motion, alleging ineffective assistance of trial and appellate counsel. Thomas' motion was denied, and he appealed. We affirm the decision of the district court.

II. FACTS
A more detailed recitation of facts can be found in Thomas I. But in summary, Thomas was convicted of second degree murder, first degree assault, and two counts of use of a firearm to commit a felony. In June 1994, Thomas shot at two men who were in a vehicle in Omaha, Nebraska. Thomas claimed that he shot the men in self-defense after being threatened with a gun. The driver of the vehicle was shot in the left leg and crashed into a building while attempting to drive to a hospital at a high rate of speed. The driver later died of the injuries he received in the crash. The passenger was shot three times but survived.
Thomas' first direct appeal failed because his attorney, rather than Thomas, signed the poverty affidavit, but we granted Thomas a new direct appeal. Among the claims raised in Thomas I was a claim that his trial counsel was ineffective for failing to call a witness who would have impeached the testimony of certain witnesses for the prosecution and for failing to object to testimony regarding the speed of the vehicle driven by one of the victims. As noted, we affirmed Thomas' convictions but found insufficient evidence to sentence him as a habitual criminal. We therefore vacated Thomas' sentences and remanded the cause for a new enhancement hearing and for resentencing.[3]
On rehearing, Thomas filed a motion to quash the information charging him with second degree murder, on the ground that it was based on an unconstitutional statute, and filed a motion to arrest judgment on the same ground.[4] The district court denied his motions and resentenced Thomas as a habitual criminal. Thomas appealed from his resentencing, and in Thomas II, we affirmed.[5] Thomas then filed this postconviction appeal. After hearing arguments and receiving evidence, the district court denied Thomas' motion for postconviction relief.

III. ASSIGNMENTS OF ERROR
Thomas assigns as error that his trial counsel was ineffective for failing to (1) object to second degree murder as a lesser-included offense of first degree murder, (2) request a jury instruction for manslaughter, (3) call a necessary witness, and (4) object to testimony regarding the speed of the victim's vehicle at impact. Thomas also assigns as error that his appellate counsel was ineffective for failing to (1) assign as error trial counsel's failure to object to second degree murder as a lesser-included offense and (2) provide an adequate record regarding the fact that a necessary witness was not called.

IV. STANDARD OF REVIEW
[1,2] A defendant requesting postconviction relief must establish the basis for such relief, and the findings of the district court will not be disturbed unless they are clearly erroneous.[6] A defendant moving for postconviction relief must allege facts which, if proved, constitute a denial or violation of his or her rights under the Nebraska or U.S. Constitution.[7]
[3] Whether a claim raised in a postconviction proceeding is procedurally barred is a question of law. When reviewing a question of law, an appellate court reaches a conclusion independent of the lower court's ruling.[8]
[4, 5] A claim that defense counsel provided ineffective assistance presents a mixed question of law and fact.[9] When reviewing a claim of ineffective assistance of counsel, an appellate court reviews the factual findings of the lower court for clear error. With regard to the questions of counsel's performance or prejudice to the defendant as part of the two-pronged test articulated in Strickland v. Washington,[10] an appellate court reviews such legal determinations independently of the lower court's decision.[11]

V. ANALYSIS
[6, 7] We first note that three of Thomas' four allegations of ineffective assistance of trial counsel are procedurally barred. These include failing to (1) object to second degree murder as a lesser-included offense of first degree murder, (2) request a jury instruction for manslaughter, and (3) object to testimony regarding the speed of the vehicle at impact. A motion for postconviction relief cannot be used to secure review of issues that were known to the defendant and could have been litigated on direct appeal.[12] In order to raise the issue of ineffective assistance of trial counsel where appellate counsel is different from trial counsel, a defendant must raise on direct appeal any issue of ineffective assistance of trial counsel which is known to the defendant or is apparent from the record, or the issue will be procedurally barred on postconviction review.[13]
Thomas' appellate counsel was different from his trial counsel. Thomas was aware of those alleged issues of ineffective assistance of trial counsel on his direct appeal, and even if Thomas was not aware of those issues, they are apparent from the record. The only ineffective assistance of trial counsel claim preserved from Thomas' direct appeal is his trial counsel's failure to call a witness he claims would have impeached the testimony of other prosecution witnesses.[14] In Thomas I, we found the record was insufficient to properly consider that assignment of error. Therefore, the ineffective assistance of trial counsel claim is the only one not barred on postconviction review.

1. THOMAS' COUNSEL WAS NOT INEFFECTIVE FOR FAILING TO CALL WITNESS
[8, 9] Thomas contends that his trial counsel was ineffective for failing to call a certain police officer as a witness to testify during his trial. In order to establish a right to postconviction relief based on a claim of ineffective assistance of counsel at trial or on direct appeal, the defendant has the burden, in accordance with Strickland,[15] to show that counsel's performance was deficient; that is, counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law in the area.[16] Next, the defendant must show that counsel's deficient performance prejudiced the defense in his or her case. In order to show prejudice, the defendant must demonstrate a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different. The two prongs of this test, deficient performance and prejudice, may be addressed in either order.[17] In determining whether a trial counsel's performance was deficient, there is a strong presumption that such counsel acted reasonably.[18]
Thomas claims the officer's testimony would have impeached the testimony of certain witnesses for the prosecution. Thomas states that if the officer had been called to testify, "his testimony could have impeached the testimony of . . . a witness offered by the State, as to who was present the evening the alleged events took place."[19] Thomas is referring to an eyewitness who testified for the State during Thomas' trial as to those present at the scene.[20] Trial counsel was deposed regarding the testimony of the police officer. During that testimony, counsel could not remember that particular officer. He further testified that it was his regular practice to call police officers when their testimony was inconsistent with that of other witnesses.
[10] The district court found that trial counsel's decision not to call the police officer was a matter of trial strategy. "The decision to call, or not to call, a particular witness, made by counsel as a matter of trial strategy, even if that choice proves unproductive, will not, without more, sustain a finding of ineffectiveness of counsel."[21]
Other than the assertion that his attorney was ineffective for failing to call the police officer, Thomas has given us no reason to believe that his counsel's performance was deficient or that Thomas was prejudiced. Thomas' claim at trial was that he had acted in self-defense. There was never any dispute as to whether Thomas or the two victims were at the scene. Even if the officer's testimony had impeached testimony from other witnesses as to who was present at the scene, Thomas cannot maintain a claim of prejudice, as he never denied that he and the victims were present.

2. THOMAS' CLAIM OF INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL IS WITHOUT MERIT

(a) Thomas' Appellate Counsel Was Not Ineffective for Failing to Create Record
Thomas alleges that his appellate counsel was ineffective for failing to create a sufficient record regarding trial counsel's failure to call the police officer as a witness. In Thomas I, we stated that only the trial record was properly before us and that the testimony of trial counsel was not part of that record.[22] Even if the performance of Thomas' appellate counsel was deficient for failing to ensure that we had a complete record in Thomas I, Thomas cannot show prejudice. Thomas' appellate counsel deposed trial counsel regarding his failure to call the police officer, and the issue was raised on direct appeal. As already discussed, Thomas could not show any prejudice from his trial counsel's failure to call the officer. The record is properly before us now, and we find that Thomas suffered no prejudice from our inability to reach the issue in Thomas I.

(b) Thomas' Appellate Counsel Was Not Ineffective for Failing to Raise Issue of Second Degree Murder Instruction
Thomas also claims his appellate counsel was ineffective for failing to allege that his trial counsel was ineffective for not objecting to the lesser-included second degree murder instruction. Essentially, Thomas contends that the lesser-included second degree murder jury instruction was given in error, because there was a requirement of malice in the jury instruction not present in the statute defining second degree murder.
Neb. Rev. Stat. § 28-304 (Reissue 2008) has not contained language regarding malice for second degree murder since 1979. Malice was read into the statute by prior decisions of this court, and hence used in pattern jury instructions until our decision in State v. Burlison,[23] decided 3 years after Thomas' convictions. In Burlison, we determined that malice was no longer a required element of second degree murder.[24] We later determined that our decision in Burlison could be applied retroactively.[25]
Thomas alleges that because the statutory language relied upon in Burlison was in place at the time of his jury trial, his appellate counsel was ineffective for failing to allege ineffective assistance of trial counsel on this matter in his direct appeal. In essence, appellate counsel should have considered Thomas' trial counsel's failure to anticipate Burlison to be deficient performance. We conclude that Thomas is unable to demonstrate that he was prejudiced by any alleged deficiency in appellate counsel's performance.
We held in State v. Davis[26] that a defendant convicted of second degree murder was not prejudiced when a jury instruction required a finding of malice. We determined that proving malice "created a greater burden on the State regarding intent."[27] The prosecution in this case likewise bore a greater burden to prove the additional element of malice, and therefore, Thomas cannot demonstrate prejudice.

3. § 28-304 Is Not Unconstitutional
Finally, Thomas argues that removing the malice requirement from the second degree murder statute renders § 28-304 unconstitutional. The State contends that Thomas argued this claim but did not assign it as error. We agree with the State that Thomas did not technically assign this issue as error. We nevertheless conclude that Thomas' assignment of error with respect to the ineffectiveness of appellate counsel on the second degree murder instruction encompassed his argument regarding the constitutionality of § 28-304 and is therefore preserved on appeal. We conclude, however, that this issue is procedurally barred.
Thomas raised this issue in Thomas II, having filed both a motion to quash and a motion in arrest of judgment after his first appeal, arguing that § 28-304 was unconstitutionally vague.[28] At that time, we concluded that Thomas' claim was waived because he did not raise it in his first direct appeal.[29] In order to preserve this issue for review now, Thomas should have argued that his appellate counsel was ineffective for failing to timely raise the constitutional issue in his first direct appeal, which he did not do. Even if the issue had been properly raised, however, Thomas cannot show that he was prejudiced, because we addressed the issue of whether § 28-304 was unconstitutionally vague in State v. Caddy.[30]
In Caddy, the defendant sought postconviction relief for his second degree murder conviction, arguing that § 28-304 was unconstitutionally vague. The defendant's argument was that § 28-304 was void for vagueness because it was indistinguishable from the crime of manslaughter as defined by Neb. Rev. Stat. § 28-305 (Reissue 2008). We stated that while there may be some ambiguity between §§ 28-304 and 28-305, "there is still little question whether § 28-304 provides with reasonable clarity that the intentional killing of another may be criminal."[31] We went on to conclude that
provided that conduct is of a sort known among the lay public to be criminal, a person is not entitled to clear notice that the conduct violates a particular criminal statute. It is enough that he or she knows that what he or she is about to do is probably or certainly criminal.[32]
Furthermore, the language of the two statutes makes the differences between manslaughter and second degree murder clear. Section 28-305 states that "[a] person commits manslaughter if he kills another without malice, either upon a sudden quarrel, or causes the death of another unintentionally while in the commission of an unlawful act." Section 28-304, in contrast, states in part that "[a] person commits murder in the second degree if he causes the death of a person intentionally, but without premeditation." The differences between manslaughter and second degree murder are apparent from the plain language of the statutes.

VI. CONCLUSION
In order to prevail on a motion for postconviction relief, a defendant must demonstrate that his or her constitutional rights were violated. And, in order to prevail on an ineffective assistance of counsel claim, a defendant must show that his counsel's performance was deficient and that he or she was prejudiced by that deficient performance. Thomas has not been able to show that his constitutional rights were violated, that either his trial counsel's or appellate counsel's performance was deficient, or that he was prejudiced by either of his counsel's alleged deficient performance. Thomas' request for postconviction relief was therefore properly denied by the district court.
Affirmed.
McCORMACK, J., participating on briefs.
NOTES
[1] State v. Thomas, 262 Neb. 985, 637 N.W.2d 632 (2002).
[2] State v. Thomas, 268 Neb. 570, 685 N.W.2d 69 (2004).
[3] Thomas I, supra note 1.
[4] Thomas II, supra note 2.
[5] Id.
[6] State v. Caddy, 262 Neb. 38, 628 N.W.2d 251 (2001).
[7] State v. Burlison, 255 Neb. 190, 583 N.W.2d 31 (1998).
[8] Caddy, supra note 6.
[9] State v. Hudson, 277 Neb. 182, 761 N.W.2d 536 (2009).
[10] Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).
[11] Hudson, supra note 9.
[12] Burlison, supra note 7.
[13] State v. Jim, 275 Neb. 481, 747 N.W.2d 410 (2008).
[14] Thomas I, supra note 1.
[15] Strickland, supra note 10.
[16] State v. Lopez, 274 Neb. 756, 743 N.W.2d 351 (2008).
[17] Id.
[18] Id.
[19] Brief for appellant at 32.
[20] Thomas I, supra note 1.
[21] State v. Lindsay, 246 Neb. 101, 108, 517 N.W.2d 102, 107 (1994).
[22] Thomas I, supra note 1. See, also, Lindsay, supra note 21.
[23] Burlison, supra note 7.
[24] Id.
[25] State v. Redmond, 262 Neb. 411, 631 N.W.2d 501 (2001).
[26] State v. Davis, 276 Neb. 755, 757 N.W.2d 367 (2008).
[27] Id. at 761, 757 N.W.2d at 373.
[28] Thomas II, supra note 2.
[29] Id.
[30] Caddy, supra note 6.
[31] Id. at 45, 628 N.W.2d at 258.
[32] Id. at 46, 628 N.W.2d at 259 (emphasis in original).