778 N.W.2d 106 (2010)
279 Neb. 308
STATE of Nebraska, appellee,
v.
Philip P. GIBILISCO, appellant.
No. S-08-1255.
Supreme Court of Nebraska.
January 29, 2010.
*108 Gregory A. Pivovar, for appellant.
Jon Bruning, Attorney General, and James D. Smith, for appellee.
HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.
*109 MILLER-LERMAN, J.

NATURE OF THE CASE
After being convicted of five counts of first degree sexual assault, appellant, Philip P. Gibilisco, filed a verified motion for postconviction relief in the district court for Douglas County. In his motion, Gibilisco raised claims of ineffective assistance of trial and appellate counsel. Several of the claims involved statutory speedy trial issues. The district court initially sustained the postconviction motion and dismissed all charges against Gibilisco. However, upon consideration of a subsequent motion filed by the appellee, State of Nebraska, the district court ultimately granted in part and in part denied Gibilisco's motion for postconviction relief, with the ultimate result being that the conviction on count I was vacated and the convictions on counts II through V were upheld. Gibilisco appeals. We affirm.

STATEMENT OF FACTS
On September 13, 2002, Gibilisco was charged by information with one count of sexual assault on a child "on or about the 24th day of March, 2002, thru [sic] the 15th day of July, 2002." After declining to enter into a plea agreement with the State, Gibilisco pled not guilty to this one count on September 18. On June 12, 2003, the information was amended by adding four additional counts of sexual assault on a child. Counts II through V allege the same timeframe. The evidence presented at trial generally established that Gibilisco was almost 40 years old at the time of the offenses and that he solicited a girl to perform oral sex on him on five occasions when she was 11 and 12 years old.
This case has been appealed twice before. In State v. Gibilisco, 12 Neb.App. 1 (No. A-03-844, Sept. 2, 2003), Gibilisco appealed the district court's denial of his pretrial motion to dismiss for vindictive prosecution. The Court of Appeals concluded that the order denying Gibilisco's motion to dismiss was not a final, appealable order and dismissed the appeal. Thereafter, a trial was held and Gibilisco was convicted on all five counts.
In State v. Gibilisco, A-04-480, 2005 WL 1022024 (Neb.App. Apr. 26, 2005) (not designated for permanent publication), Gibilisco appealed his convictions. On direct appeal, Gibilisco was represented by different counsel than at trial. He claimed that the district court erred in denying his motion to dismiss in which he claimed vindictive prosecution, admitting a taped conversation between Gibilisco and the victim's mother, and failing to direct a verdict on four of the five counts. Gibilisco also challenged the sentence imposed by the district court. In addition, on direct appeal, Gibilisco claimed that his trial counsel was ineffective for failing to seek dismissal on statutory speedy trial grounds. In response to this last assignment of error, the Court of Appeals concluded that an evidentiary hearing would be necessary to determine whether a speedy trial violation had occurred and whether Gibilisco's trial counsel was ineffective for not seeking discharge.
On May 4, 2006, Gibilisco filed a motion for postconviction relief in which he raised several claims of ineffective assistance of trial and appellate counsel. Disposition of Gibilisco's postconviction motion gives rise to the instant appeal. For purposes of this appeal, the relevant claims raised in Gibilisco's postconviction motion are that trial counsel was ineffective for failing to (1) raise and preserve the issue of whether Gibilisco received a speedy trial; (2) object to the filing of the amended charges and failing to ask for a preliminary hearing; and (3) inform him of the penalties for the crimes when discussing plea negotiations *110 and the treatment of sexual offenders in jail. Gibilisco also claimed that trial counsel was ineffective when he purportedly misinformed Gibilisco that the court would not order consecutive sentences.
By agreement of the parties, the district court held an evidentiary hearing limited to the issue of whether Gibilisco received ineffective assistance of trial counsel based on Gibilisco's claim that trial counsel failed to move to dismiss his case on the ground that his 6-month statutory speedy trial rights had been violated. See Neb.Rev. Stat. § 29-1207 (Reissue 2008). On June 6, 2007, the district court entered an order sustaining Gibilisco's motion.
In its June 6, 2007, order, the court stated that Gibilisco was first charged in the district court on September 11, 2002, and that therefore, absent excludable time, Gibilisco should have been brought to trial within 6 months, which was March 10, 2003. Trial on Gibilisco's case began on December 16, 2003.
The court noted that several procedural excludable events had occurred, including motions to suppress, continue, and dismiss, as well as an attempted appeal. The court found the total excludable time attributable to these events to be 270 days.
The court reasoned that in order to avoid running afoul of his 6-month right to a speedy trial, Gibilisco's trial should have begun within 270 days after March 10, or December 5, 2003. Because Gibilisco's trial did not start until December 16, the court found that Gibilisco's statutory right to a speedy trial had been violated. Given this violation, the court further concluded that Gibilisco's trial counsel was ineffective for failing to file a motion to discharge. The court sustained Gibilisco's motion for postconviction relief and vacated Gibilisco's convictions.
After the filing of the June 6, 2007, order, the State filed a motion to reconsider. In its motion, the State argued that although Gibilisco's right to a speedy trial may have been violated on count I of the information, any speedy trial violation should not apply to counts II through V of the amended information, because these subsequently filed charges restarted the speedy trial clock.
In response to the State's motion to reconsider, the court stayed its June 6, 2007, order and directed the parties to brief the matter. On November 2, the district court entered an order which granted the State's motion to reconsider and vacated its order of June 6.
The district court entered an additional order on November 7, 2008, granting in part and in part denying Gibilisco's motion for postconviction relief. The district court granted the motion with respect to count I on speedy trial grounds and consequently vacated the conviction and sentence as to count I of the amended information only. The district court denied Gibilisco's motion for postconviction relief with respect to the remaining speedy trial and other issues. Gibilisco appeals.

ASSIGNMENTS OF ERROR
Gibilisco claims, restated and summarized, that the district court erred in (1) allowing the State to challenge the court's June 6, 2007, order granting him postconviction relief by way of a motion to reconsider; (2) finding that the additional charges in the amended information were not subject to the same dismissal date on speedy trial grounds as the original charge and reversing its dismissal of all charges based on this determination; (3) concluding that Gibilisco did not receive ineffective assistance of counsel based on his trial counsel's purported failure to properly relate a potential plea bargain *111 and the consequences to Gibilisco; and (4) concluding that Gibilisco did not receive ineffective assistance of counsel based on his trial counsel's purported failure to move to quash the filing of the amended information.

STANDARDS OF REVIEW
When reviewing a question of law, an appellate court resolves the question independently of the lower court's conclusion. See State v. Dunster, 278 Neb. 268, 769 N.W.2d 401 (2009).
A claim that defense counsel provided ineffective assistance presents a mixed question of law and fact. When reviewing a claim of ineffective assistance of counsel, an appellate court reviews the factual findings of the lower court for clear error. State v. Hudson, 277 Neb. 182, 761 N.W.2d 536 (2009). With regard to the questions of counsel's performance or prejudice to the defendant as part of the two-pronged test articulated in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), an appellate court reviews such legal determinations independently of the lower court's decision. Id.

ANALYSIS

The District Court Properly Considered the State's Motion for Reconsideration as a Motion to Alter or Amend the Judgment.
As an initial matter, we must address Gibilisco's assignment of error challenging the validity of the State's motion for reconsideration of the district court's June 6, 2007, order. We understand Gibilisco's challenge to the State's motion for reconsideration to be that the motion for reconsideration was not the proper method for challenging the court's June 6 order. We find this assignment of error to be without merit.
The State directs us to State v. Bao, 269 Neb. 127, 690 N.W.2d 618 (2005). In Bao, we concluded that a motion for reconsideration should be treated as a motion to alter or amend a judgment when such motion meets the criteria for a motion to alter or amend the judgment, to wit, being filed not later than 10 days after the entry of judgment, see Neb.Rev. Stat. § 25-1329 (Reissue 2008), and seeking substantive alteration of the judgment. The State argues that as in State v. Bao, its motion for reconsideration was functionally a motion to alter or amend a judgment. We agree with the State and conclude that the State's motion for reconsideration qualifies for treatment as a motion to alter or amend a judgment.
The State filed the motion on June 8, 2007, within 10 days of the June 6 order granting Gibilisco postconviction relief. Further, the motion sought substantive alteration of the judgment by asserting that the June 6 order sustaining Gibilisco's motion was in error, because it concluded that Gibilisco received ineffective assistance of counsel based on his trial counsel's failure to make a motion for discharge for speedy trial act violations. The State argued in the motion for reconsideration that the postconviction motion should have been dismissed because the counts against Gibilisco contained in the amended information did not violate the speedy trial act, and therefore, Gibilisco's counsel was not ineffective for failing to move for discharge at trial.
The motion for reconsideration was in effect a timely motion to alter or amend the judgment, and the district court did not err in considering the motion.

Gibilisco's Claim of Ineffective Assistance of Counsel Due to Speedy Trial Issues Is Without Merit.
Gibilisco claims that he received ineffective assistance of trial counsel due to *112 counsel's purported failure to challenge the amended information on speedy trial grounds. As a consequence, Gibilisco argues that the district court erred in this postconviction case when it vacated its June 6, 2007, order which had granted Gibilisco's motion for postconviction relief in its entirety based on a speedy trial violation, and further erred in its November 7, 2008, order which granted postconviction relief limited to count I. We find no error in the district court's rulings.
As noted above, on November 2, 2007, the district court filed an order granting the State's motion for reconsideration, and on November 7, 2008, the court concluded that Gibilisco's counsel was not ineffective for failing to file a motion for discharge on speedy trial grounds on counts II through V of the amended information. In its order granting the State's motion for reconsideration, the court noted that these additional charges were first filed in an amended information and concluded that they were not subject to the same dismissal dates for speedy trial purposes as controlled the speedy trial analysis on count I, which was the only charge found in both the original and amended informations. The district court concluded that although there had been a violation of the speedy trial act on count I, the trial on the four new counts in the amended information did not violate the speedy trial act.
In reaching its conclusion, the district court quoted this court's decision in State v. French, 262 Neb. 664, 670, 633 N.W.2d 908, 914 (2001), as follows:
It is important to determine whether the amendment charges the same crime or a totally different crime. A distinction is made between an amendment to a complaint or information and an amended complaint or information. If the amendment to the complaint or information does not change the nature of the charge, then obviously the time continues to run against the State for purposes of the speedy trial act. If the second complaint alleges a different crime, without charging the original crime(s), then it is an amended complaint or information and it supersedes the prior complaint or information. The original charges have been abandoned or dismissed.
Based on this jurisprudence, the district court reasoned that the substance of count I had not changed in the amended information, so the time for bringing Gibilisco to trial on that count had expired. The court further determined, however, that the amended information, which added counts II through V, restarted the speedy trial clock applicable to those counts.
Applying the reasoning in French, the court stated that in addition to repeating count I, the amended information charged Gibilisco with four additional, separate crimes of sexual assault on the same victim. The court stated that the speedy trial clock should have been restarted for these new and different charges. The court noted that Gibilisco had had ample opportunity to investigate and object to the nature and sufficiency of evidence on the amended information and to move to quash the amended information had that been warranted. The district court determined that counts II through V did not violate the speedy trial statute and that therefore, Gibilisco suffered no prejudice due to his trial counsel's purported failure to file a motion to discharge with respect to these additional charges. We agree with the district court's analysis.
Gibilisco argues that the district court's conclusions were in error, because the four counts contained in the amended information were based on the same set of facts as the original charge and the State knew of *113 the facts associated with the additional charges at the time the original information was filed. Gibilisco therefore claims that the speedy trial clock should not be deemed to have restarted upon the filing of the amended information.
In order to establish a right to postconviction relief based on a claim of ineffective assistance of counsel at trial or on direct appeal, the defendant has the burden, in accordance with Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), to show that counsel's performance was deficient; that is, counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law in the area. State v. Thomas, 278 Neb. 248, 769 N.W.2d 357 (2009). In addition, the defendant must show that counsel's deficient performance prejudiced the defense in his or her case. Id. In order to show prejudice, the defendant must demonstrate a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different. Id. The two prongs of this test, deficient performance and prejudice, may be addressed in either order. See id. In determining whether a trial counsel's performance was deficient, there is a strong presumption that such counsel acted reasonably. Id.
The issue in this case is the effect, if any, for speedy trial purposes of the filing of the amended information on each of the five counts. In State v. French, 262 Neb. 664, 633 N.W.2d 908 (2001), we noted that in cases involving amended charges, it is important to determine whether the amended charge is for the same crime or for a totally different crime. We stated that "[i]f the amendment to the complaint or information does not change the nature of the charge, then obviously the time continues to run against the State for purposes of the speedy trial act." Id. at 670, 633 N.W.2d at 914.
Here, the amended information charged five separate counts of first degree sexual assault, albeit during the same alleged timeframe. Although count I repeated the substance of the charge found in the original information, counts II through V were new charges based on four additional incidents of sexual assault against the victim in this case. These charges were not based on facts identical to the original charge; rather, they were separate incidents of sexual assault during the same time period as had been alleged with respect to the first charge. Except for count I, the nature of the charges against Gibilisco were changed by the amended information. Each of these new charges required the State to present separate, additional evidence in order to prove each additionally alleged crime beyond a reasonable doubt. Indeed, as has been described previously in this case on direct appeal, at trial, the victim testified that she could recall five separate incidents of sexual assault. State v. Gibilisco, No. A-04-480, 2005 WL 1022024 (Neb.App. Apr. 26,2005) (not designated for permanent publication).
Referring to the amended information, Gibilisco suggests that allegations of a time period as distinguished from particular dates is problematic. We find no error in this regard. We have concluded that as long as the information provides a timeframe which has a distinct beginning and an equally clear end within which the crimes are alleged to have been committed, it is constitutionally sufficient. See State v. Martinez, 250 Neb. 597, 550 N.W.2d 655 (1996). See, also, State v. Piskorski, 218 Neb. 543, 357 N.W.2d 206 (1984). As was noted in Martinez, to hold otherwise would impose an impossible burden on a child sexual assault victim *114 where there are allegations of multiple assaults over a lengthy timeframe.
To summarize, because counts II through V alleged separate and distinct crimes and required the State to present different evidence to prove each of these crimes as charged, the speedy trial clock began to run again upon the filing of the amended information. There was no speedy trial violation on these new charges. Because Gibilisco was not prejudiced by his counsel's purported failure to file a motion to discharge based on a violation of the speedy trial act with respect to counts II through V, Gibilisco did not receive ineffective assistance of counsel in this regard and we affirm the district court's ruling relative to counts II through V. For completeness, we note that the State did not cross-appeal the district court's order granting post-conviction relief relative to count I, and we do not consider this ruling.

Gibilisco's Claim of Ineffective Assistance of Counsel With Respect to Communication of the Potential Plea Agreement Is Procedurally Barred.
Next, Gibilisco claims that he received ineffective assistance of trial counsel, because his trial counsel did not properly relay information to him with respect to the plea agreement offered by the State.
Gibilisco did not raise this claim on direct appeal, and it is therefore procedurally barred. A party cannot raise an issue in a postconviction motion if he or she could have raised that same issue on direct appeal. State v. Jackson, 275 Neb. 434, 747 N.W.2d 418 (2008). A motion for postconviction relief asserting ineffective assistance of trial counsel is procedurally barred when (1) the defendant was represented by a different attorney on direct appeal than at trial, (2) an ineffective assistance of trial counsel claim was not brought on direct appeal, and (3) the alleged deficiencies in trial counsel's performance were known to the defendant or apparent from the record. Id.
Here, Gibilisco had different counsel at trial and on appeal. On direct appeal, Gibilisco did not raise a claim of ineffective assistance of trial counsel based on his counsel's purported failure to relay information with respect to a potential plea agreement. Because the alleged deficiencies regarding Gibilisco's plea agreement discussion with trial counsel were known to Gibilisco at the time of his initial appeal, a claim of ineffective assistance of trial counsel based on the manner in which plea information was communicated to Gibilisco is procedurally barred.

Gibilisco Did Not Receive Ineffective Assistance of Counsel Based on His Counsel's Purported Failure to Challenge the Amended Information.
Finally, Gibilisco claims that his trial counsel was ineffective for failing to move to quash the amended information. In his brief, Gibilisco generally complains that his trial counsel failed to attack the charges in the amended information in any "meaningful manner." Brief for appellant at 33. However, as was discussed above, the amended information was not constitutionally deficient. Therefore, Gibilisco suffered no prejudice on this basis and the district court properly denied his claim.

CONCLUSION
The filing of the amended information containing new charges that were substantially different from the single charge in the original complaint restarted the speedy trial clock on counts II through V in the amended information. Gibilisco was not denied his statutory right to a speedy trial on counts II through V. Therefore, the district court did not err when it concluded that Gibilisco did not receive ineffective *115 assistance of counsel based on a purported failure of trial counsel to file a motion for discharge for speedy trial act violations on counts II through V. The remainder of Gibilisco's ineffective assistance of counsel claims are without merit. We therefore affirm.
AFFIRMED.