IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**

STATE V. ARTERBURN

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,
V.
MATTHEW JOSEPH ARTERBURN, APPELLANT.

Filed February 4, 2014.    No. A-13-388.

Appeal from the District Court for Adams County: TERRI S. HARDER, Judge. Affirmed.

Sam Zeleski, Adams County Public Defender, for appellant.

Jon Bruning, Attorney General, and Kimberly A. Klein for appellee.

IRWIN, MOORE, and BISHOP, Judges.

MOORE, Judge.

Matthew Joseph Arterburn appeals after the district court for Adams County overruled his motion for discharge, finding that his right to a speedy trial had not been violated. Because the amended information changed the nature of the charges against Arterburn, the district court did not err in computing the statutory running of the speedy trial clock from the date the amended information was filed. We affirm.

FACTUAL BACKGROUND

On July 12, 2012, the State filed an information in the district court charging Arterburn with three counts of generating a visual depiction of sexually explicit conduct in violation of Neb. Rev. Stat. § 28-1463.03 (Cum. Supp. 2012). The information alleged that Arterburn was a person 19 years of age or older, who on May 27, 2012, did knowingly "make, publish, direct, create, provide, or in any manner generate any visual depiction of sexually explicit conduct which has a child as one of its participants or portrayed observers." At his arraignment on July 18, Arterburn pleaded not guilty to these charges. The matter was set for jury trial.

At the pretrial conference in October 2012, the State requested a continuance to file an amended information. The State acknowledged on the record that this was not a good cause

- 1 -

continuance and noted that the speedy trial clock should continue running. The district court granted the continuance.

On November 14, 2012, the State filed its amended information, which charged Arterburn with 62 additional counts of possession of child pornography in violation of Neb. Rev. Stat. § 28-813.01 (Cum. Supp. 2012). For each of the 62 counts, the State alleged that on May 23, 2012, Arterburn knowingly possessed a "visual depiction of sexually explicit conduct which has a child as one of its participants or portrayed observers." Each of the additional counts described a particular visual depiction. The original three counts of generating a visual depiction of sexually explicit conduct also remained in the amended information. Arterburn pleaded not guilty to all counts.

On January 14, 2013, Arterburn filed a motion for discharge. In his motion, Arterburn alleged that his statutory right to a speedy trial had been violated because he had not been brought to trial within 6 months of the date when the information was first filed on July 12, 2012. Although Arterburn's motion also referenced his constitutional right to speedy trial, he did not argue this basis before the district court and does not assign error to an alleged denial of his constitutional right to speedy trial in this appeal.

The district court held a hearing on this motion on March 25, 2013. At the hearing, the State stipulated that Arterburn's motion for discharge should be granted as to the three original counts of generating a visual depiction of sexually explicit conduct. However, the State contended that the speedy trial clock had not run as to the 62 counts of possession of child pornography.

Arterburn argued at the hearing that all counts in the amended information should be discharged. He noted that the U.S. Supreme Court's decision in *Blockburger v. United States*, 284 U.S. 299, 52 S. Ct. 180, 76 L. Ed. 306 (1932), prohibits successive prosecution and cumulative punishment for the same offense. Arterburn claimed that proving the charges of generating visual depictions of sexually explicit conduct which have a child as one of the participants or portrayed observers first required proving possession of child pornography. Thus, he reasoned, they were the same charge and the possession of child pornography charges should have also been discharged.

On April 2, 2013, the district court overruled Arterburn's motion for discharge. The court rejected Arterburn's argument based on *Blockburger v. United States, supra*. The court found that the possession of child pornography charges were separate and distinct from the generating visual depiction charges and found that the speedy trial clock did not begin to run on the possession charges until the amended information was filed. Arterburn appeals from this order.

ASSIGNMENT OF ERROR

Arterburn assigns only one error: He contends that the district court erred when it did not discharge all charges against him.

STANDARD OF REVIEW

As a general rule, a trial court's determination as to whether charges should be dismissed on speedy trial grounds is a factual question which will be affirmed on appeal unless clearly erroneous. *State v. Brooks*, 285 Neb. 640, 828 N.W.2d 496 (2013).

To the extent an appeal calls for statutory interpretation or presents questions of law, an appellate court must reach an independent conclusion irrespective of the determination made by the court below. *State v. Sikes*, 286 Neb. 38, 834 N.W.2d 609 (2013).

ANALYSIS

On appeal, Arterburn appears to reassert that *Blockburger* requires the discharge of the 62 counts of possession of child pornography. He seems to argue that because the elements of proof for both charged offenses are similar, there would be cumulative punishment. We find that reliance upon the double jeopardy propositions from *Blockburger* is misplaced and without merit.

The Double Jeopardy Clauses of both the federal and Nebraska Constitutions protect against three distinct abuses: (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense. *State v. Huff*, 282 Neb. 78, 802 N.W.2d 77 (2011). Under *Blockburger v. United States*, 284 U.S. 299, 52 S. Ct. 180, 76 L. Ed. 306 (1932), where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or one is whether each provision requires proof of a fact which the other does not. This test, otherwise known as the "same elements" test, asks whether each offense contains an element not contained in the other. See *id*. If not, they are the same offense and double jeopardy bars additional punishment and successive prosecution. If so, they are not the same offense and double jeopardy is not a bar to additional punishment. *Id*.

However, contrary to Arterburn's assertions, this is not a double jeopardy case of successive prosecution or where cumulative punishment is imposed. In fact, jeopardy has not attached in this case. Jeopardy attaches (1) in a case tried to a jury, when the jury is impaneled and sworn; (2) when a judge, hearing a case without a jury, begins to hear evidence as to the guilt of the defendant; or (3) at the time the trial court accepts the defendant's guilty plea. *State v. Figeroa*, 278 Neb. 98, 767 N.W.2d 775 (2009). Arterburn has not stood trial in this case nor has he entered a guilty plea. Thus, his reliance on *Blockburger* and double jeopardy's prohibition of successive prosecution and cumulative punishment is misplaced.

Arterburn's motion for discharge was based upon the alleged violation of his right to a speedy trial. As noted above, Arterburn asserts only that his statutory right to a speedy trial was violated. The statutory right to a speedy trial is set forth in Neb. Rev. Stat. §§ 29-1207 and 29-1208 (Cum. Supp. 2012). If a defendant has not been brought to trial within 6 months, as computed by § 29-1207, he or she is entitled to absolute discharge from the offense charged. See § 29-1208. To calculate the deadline for trial under the speedy trial statutes, a court must exclude the day the State filed the information, count forward 6 months, back up 1 day, and then add any time excluded under § 29-1207(4). *State v. Lee*, 282 Neb. 652, 807 N.W.2d 96 (2011).

In this case, the original information was filed on July 12, 2012. At the time Arterburn filed his motion for discharge on January 14, 2013, more than 6 months had expired. Because the State stipulated that the speedy trial time on the three counts contained in the original information had run, we need not discuss the speedy trial issue on these charges further. The issue in this case is what effect the amended information had on the speedy trial clock. In analyzing such situations, the Nebraska Supreme Court has noted that it is important to

determine whether the amended charge is for the same crime as alleged in the original complaint or information or is for a totally different crime. See, *State v. Gibilisco*, 279 Neb. 308, 778 N.W.2d 106 (2010); *State v. French*, 262 Neb. 664, 633 N.W.2d 908 (2001). If the amendment does not change the nature of the charges, then the time would continue to run against the State for purposes of the speedy trial act. *Id.*

In this case, the amended information charged Arterburn with 62 separate counts of possession of child pornography in addition to the original three counts of generating visual depictions of sexually explicit conduct. Although the three original counts for generating visual depictions remained identical in form to the original information, the additional 62 counts of possession of child pornography were based on separate incidents occurring on a different date than alleged in the original three counts and were different crimes. Each of the new possession charges required the State to present separate, additional evidence in order to prove each charge beyond a reasonable doubt. Thus, the amended information changed the nature of the charges against Arterburn. See, *State v. Gibilisco, supra*; *State v. French, supra*.

Because the 62 counts of possession of child pornography required the State to present different evidence to prove each of these crimes, the filing of the amended information restarted the speedy trial clock as to these charges. The amended information was filed on November 14, 2012. There was no speedy trial violation on these new possession charges at the time Arterburn filed his motion to discharge on January 14, 2013. This assigned error is without merit.

## CONCLUSION

The State's amended information containing the additional 62 counts of possession of child pornography restarted the speedy trial clock on those charges. Arterburn has not been denied his right to a speedy trial on those counts. Therefore, we affirm the district court's decision.

AFFIRMED.