chapter 76 apply. This determination of law controls the outcome of this case, and we therefore determine that the district court did not err when it denied SourceGas Distribution's motion for temporary injunction and dismissed its complaint.

AFFIRMED.

———————

State of Nebraska, appellee, v.
Danny R. Robinson, Jr., appellant.
___ N.W.2d ___

Filed March 7, 2014.    No. S-13-306.

1. **Jurisdiction: Appeal and Error.** An appellate court determines a jurisdictional question that does not involve a factual dispute as a matter of law.

2. **Postconviction: Appeal and Error.** In appeals from postconviction proceedings, an appellate court independently resolves questions of law.

3. **Effectiveness of Counsel: Appeal and Error.** A claim that defense counsel provided ineffective assistance presents a mixed question of law and fact. When reviewing a claim of ineffective assistance of counsel, an appellate court reviews the factual findings of the lower court for clear error. With regard to the questions of counsel's performance or prejudice to the defendant as part of the two-pronged test articulated in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), an appellate court reviews such legal determinations independently of the lower court's decision.

4. **Postconviction: Final Orders.** Within a postconviction proceeding, an order granting an evidentiary hearing on some issues and denying a hearing on others is a final order as to the claims denied without a hearing.

5. **Postconviction.** The Nebraska Postconviction Act, Neb. Rev. Stat. § 29-3001 et seq. (Reissue 2008), provides that postconviction relief is available to a prisoner in custody under sentence who seeks to be released on the ground that there was a denial or infringement of his constitutional rights such that the judgment was void or voidable.

6. **Constitutional Law: Effectiveness of Counsel.** A proper ineffective assistance of counsel claim alleges a violation of the fundamental constitutional right to a fair trial.

7. **Effectiveness of Counsel: Proof: Appeal and Error.** To prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that his or her counsel's performance was deficient and that this deficient performance actually prejudiced the defendant's defense. A court may address the two prongs of this test, deficient performance and prejudice, in either order.

8. **Effectiveness of Counsel: Proof: Words and Phrases.** In addressing the "prejudice" component of the test in *Strickland v. Washington*, 466 U.S. 668, 104 S.

Ct. 2052, 80 L. Ed. 2d 674 (1984), a court focuses on whether a trial counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair. To show prejudice under the prejudice component of the *Strickland* test, there must be a reasonable probability that but for the deficient performance, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

9. **Trial: Effectiveness of Counsel: Witnesses.** The decision to call, or not to call, a particular witness, made by counsel as a matter of trial strategy, even if that choice proves unproductive, will not, without more, sustain a finding of ineffectiveness of counsel.

Appeal from the District Court for Douglas County: Thomas A. Otepka, Judge. Affirmed.

Michael J. Wilson and Jessica P. Douglas, of Schaefer Shapiro, L.L.P., for appellant.

Jon Bruning, Attorney General, and Stacy M. Foust for appellee.

Wright, Connolly, Stephan, McCormack, Miller-Lerman, and Cassel, JJ.

Miller-Lerman, J.

## NATURE OF CASE

Danny R. Robinson, Jr., appeals the February 18, 2010, order of the district court for Douglas County in which the court denied his motion for postconviction relief after holding an evidentiary hearing. The evidence received at the hearing pertained to Robinson's allegation that he had received ineffective assistance of counsel. Robinson sought relief with respect to his convictions for first degree murder, use of a deadly weapon to commit a felony, and possession of a deadly weapon by a felon. We affirm the denial of Robinson's motion for postconviction relief.

## STATEMENT OF FACTS

Robinson was convicted of first degree murder, use of a deadly weapon to commit a felony, and possession of a deadly weapon by a felon in connection with the 2001 shooting death of Daniel Lockett. The theory of the State's case was that Lockett was murdered in retaliation for the previous murder

of Terez Reed and that Lockett was shot by two individuals, Robinson and Dupree Reed. The theories of the defense included the assertion that Terrell Reed and not Robinson was one of the shooters. Robinson was sentenced to life imprisonment without parole on the murder conviction and to two consecutive sentences of 5 to 10 years' imprisonment on the use and possession convictions. On direct appeal, we affirmed Robinson's convictions on all three counts and his sentences for the use and possession convictions. But because the "without parole" feature of the murder sentence was not authorized by statute, we vacated the sentence of life imprisonment "without parole" on the murder conviction and remanded the cause with directions to the trial court to resentence Robinson to life imprisonment. *State v. Robinson*, 271 Neb. 698, 715 N.W.2d 531 (2006). A further description of the evidence surrounding the shooting of Lockett is detailed in our opinion on direct appeal. See *id*.

In March 2008, Robinson filed a motion for postconviction relief in which he made numerous claims of ineffective assistance of trial counsel. The State moved the court to deny postconviction relief without an evidentiary hearing. After a hearing on the State's motion, the court entered an order on March 16, 2009, in which it denied some of Robinson's claims without an evidentiary hearing but granted an evidentiary hearing with respect to other claims. Robinson did not timely file a notice of appeal from the denial of claims contained in the March 16 order.

The denial of claims in the March 16, 2009, order was based on the district court's determinations that the claims were mere conclusions of fact or law, were unsupported by the record, failed to allege how the outcome of the trial would have been different, or failed to allege how they constituted a denial of Robinson's constitutional rights. The court described those claims that it was denying without an evidentiary hearing as claims that trial counsel was ineffective with regard to (1) evidence related to gang affiliation and change of venue, (2) admission of shell casings, (3) jury selection, (4) admission of photographs, (5) statements of a witness regarding a potential alternate suspect, (6) evidence of an arson and a trip to Texas,

(7) records of a telephone conversation, (8) criminal history of a codefendant, and (9) statements of the prosecutor during closing arguments.

In the March 16, 2009, order, the court granted an evidentiary hearing limited to certain other issues. It described those issues as claims that trial counsel provided ineffective assistance because counsel (1) did not allow Robinson to testify in his own defense and (2) did not call certain specified persons as witnesses.

A hearing on these issues was held on December 11, 2009. At the hearing, the court received into evidence the depositions of Robinson and Robinson's trial counsel; the court also took notice of the file and transcript of Robinson's trial. The court filed an order on February 18, 2010, in which it denied these claims for postconviction relief. The court concluded Robinson had failed to show that counsel's performance was deficient. The court also stated that even if deficient performance had been proved, Robinson had failed to establish prejudice.

With regard to Robinson's claim that trial counsel provided ineffective assistance when counsel did not allow Robinson to testify in his own defense, the postconviction court noted a conflict between Robinson's deposition testimony and his trial counsel's deposition testimony. Robinson stated that he told his counsel on two or three occasions that he wanted to testify at trial but that counsel never visited Robinson to discuss whether or not he should testify. Counsel stated to the contrary and provided some details. Counsel testified that he had visited Robinson in jail a number of times prior to trial; that he had explained to Robinson he had the right to testify at trial; that as part of trial strategy, he advised Robinson not to testify; and that it was ultimately Robinson's decision not to testify. The postconviction court found counsel's recollection to be more persuasive and concluded that Robinson had failed to prove that counsel's performance was deficient.

With regard to Robinson's claim that trial counsel provided ineffective assistance when counsel failed to call several people as witnesses, the postconviction court noted that, with respect to each of the nine witnesses identified by Robinson,

trial counsel in his deposition had provided an "explanation as to each and every one of them, why he decided, in his best judgment, not to call them." The court determined that counsel had "provided more than a satisfactory explanation as to the reasons in his considered judgment he elected not to call these witnesses." The court concluded that, because trial counsel decided not to call each of the witnesses as a matter of trial strategy or because the witnesses' testimony would have been inadmissible or cumulative, Robinson failed to show that counsel's performance was deficient.

Having reviewed the files and record, the postconviction court further concluded that even if deficient performance had been shown, Robinson had failed to show any prejudice resulting from counsel's alleged deficient performance. In its February 18, 2010, order, the court noted this court's opinion in the direct appeal in which we referred to testimony by witnesses that amply supported Robinson's convictions, thus comporting with its view that Robinson was not prejudiced by trial counsel's purported failure to call these witnesses.

On May 4, 2011, Robinson filed a pro se motion that he titled as a second motion for postconviction relief. In the motion, he alleged, inter alia, that he was denied his right to appeal the February 18, 2010, order denying his first motion for postconviction relief because of the official negligence of the clerk of the district court. By this pleading, Robinson in effect sought reinstatement of his appeal. The district court denied Robinson's second motion for postconviction relief because it reasoned that a postconviction action was not the appropriate vehicle to request a reinstatement of the appeal from the denial of an earlier postconviction motion.

Robinson appealed the denial of his second motion for postconviction relief to this court. In a memorandum opinion filed November 26, 2012, in case No. S-11-1112, we determined that although Robinson's motion was titled as a postconviction action, it included a request for reinstatement of his appeal due to official negligence, a claim cognizable under Nebraska law. We concluded that the district court erred when it did not consider Robinson's motion as one seeking to reinstate his appeal. We therefore reversed the denial of the

motion and remanded the cause to the district court to consider the motion.

On remand and following an evidentiary hearing, the district court on April 1, 2013, found that Robinson's notice of appeal from the February 18, 2010, order had been lost due to official negligence and not due to Robinson's actions. Therefore, under its nunc pro tunc power, the court reinstated the appeal from the district court's February 18 order.

This is Robinson's appeal from the February 18, 2010, order in which the district court denied his first motion for postconviction relief after an evidentiary hearing.

## ASSIGNMENTS OF ERROR

Robinson claims that the district court erred when it rejected certain of his claims of ineffective assistance of counsel and that the cumulative effect of the asserted instances of ineffective assistance resulted in a trial that was not fair.

Robinson specifies certain claims with respect to which the court erred. Two of the claims were claims that the court denied without an evidentiary hearing in the March 16, 2009, order; they were the claims that counsel was ineffective with respect to (1) the statements of a witness regarding a potential alternate suspect and (2) statements of the prosecutor during closing arguments. The remaining assignments of error pertain to claims that the court considered at the evidentiary hearing and rejected in the February 18, 2010, order; they were claims that counsel was ineffective for failing to call five certain witnesses. Robinson does not appeal the district court rulings in its February 18 order regarding four other witnesses or regarding trial counsel's purported failure to permit Robinson to testify.

## STANDARDS OF REVIEW

[1,2] An appellate court determines a jurisdictional question that does not involve a factual dispute as a matter of law. *State v. Timmens*, 282 Neb. 787, 805 N.W.2d 704 (2011). In appeals from postconviction proceedings, we independently resolve questions of law. *State v. Edwards*, 284 Neb. 382, 821 N.W.2d 680 (2012).

[3] A claim that defense counsel provided ineffective assistance presents a mixed question of law and fact. *Timmens, supra*. When reviewing a claim of ineffective assistance of counsel, an appellate court reviews the factual findings of the lower court for clear error. *Id*. With regard to the questions of counsel's performance or prejudice to the defendant as part of the two-pronged test articulated in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), an appellate court reviews such legal determinations independently of the lower court's decision. *Timmens, supra*.

## ANALYSIS

*Robinson Did Not Timely Appeal the March 16, 2009, Order in Which the Court Denied Certain Claims Without an Evidentiary Hearing; We Therefore Do Not Consider Robinson's Assignments of Error Related to Those Claims in This Appeal.*

We first note that two of the claims to which Robinson assigns error in this appeal were among those claims the district court denied without an evidentiary hearing in its March 16, 2009, order. The claims denied without an evidentiary hearing in the March 16 order included the claims that counsel was ineffective with respect to (1) the statements of a witness regarding a potential alternate suspect and (2) statements of the prosecutor during closing arguments. Robinson did not file a notice of appeal within 30 days after March 16 with respect to the denial of these two claims, and as a result, we do not review the assignments of error related to the denial of these two claims in this appeal.

[4] We have stated that within a postconviction proceeding, an order granting an evidentiary hearing on some issues and denying a hearing on others is a final order as to the claims denied without a hearing. *State v. Alfredson, ante* p. 477, ___ N.W.2d ___ (2014); *Timmens, supra*. An order denying an evidentiary hearing on a postconviction claim is a final judgment as to that claim, and under Neb. Rev. Stat. § 25-1912 (Reissue 2008), a notice of appeal must be filed with regard to such a claim within 30 days.

We note that in his request for reinstatement of his appeal, Robinson made no assertion that he attempted to file a notice of appeal from the March 16, 2009, order or that such a notice was lost due to official negligence. Robinson's request for reinstatement of appeal due to official negligence, and the relief granted by the district court upon such request after remand in the form of the present appeal, related only to the notice of appeal from the February 18, 2010, order. Our jurisdiction in this appeal extends only to those assignments of error related to claims that were denied in the February 18 order.

We do not have jurisdiction in this appeal to consider assignments of error related to claims involving a witness regarding a potential alternate suspect or statements of the prosecutor during closing, which claims were denied without an evidentiary hearing in the March 16, 2009, order from which a timely appeal was not sought.

*The District Court Did Not Err When It Denied*
*Other Claims After an Evidentiary Hearing.*

The remaining claims with regard to which Robinson assigns error in this appeal were denied in the February 18, 2010, order following the evidentiary hearing. We have jurisdiction to consider those claims in this appeal. Following our independent review, we conclude that the district court did not err when it concluded that the claims were without merit, and we therefore affirm the February 18 order denying Robinson's claims for postconviction relief.

As an initial matter, we note that Robinson does not assign error to the denial of certain claims in the February 18, 2010, order following the evidentiary hearing. The claims regarding which Robinson does not assign error include the claim that counsel was ineffective for failing to present Robinson's testimony in his own defense. In addition, Robinson does not assign error with respect to certain of the witnesses that he claimed counsel was ineffective for failing to call.

[5,6] Robinson sought postconviction relief with respect to his claims of ineffective assistance of counsel. The Nebraska Postconviction Act, Neb. Rev. Stat. § 29-3001 et seq. (Reissue

2008), provides that postconviction relief is available to a prisoner in custody under sentence who seeks to be released on the ground that there was a denial or infringement of his constitutional rights such that the judgment was void or voidable. *State v. Molina*, 279 Neb. 405, 778 N.W.2d 713 (2010); *State v. York*, 278 Neb. 306, 770 N.W.2d 614 (2009). A proper ineffective assistance of counsel claim alleges a violation of the fundamental constitutional right to a fair trial. See *State v. Robinson*, 285 Neb. 394, 827 N.W.2d 292 (2013).

[7,8] To prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that his or her counsel's performance was deficient and that this deficient performance actually prejudiced the defendant's defense. *Robinson, supra*. A court may address the two prongs of this test, deficient performance and prejudice, in either order. *Id*. In addressing the "prejudice" component of the *Strickland* test, a court focuses on whether a trial counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair. *Robinson, supra*. To show prejudice under the prejudice component of the *Strickland* test, there must be a reasonable probability that but for the deficient performance, the result of the proceeding would have been different. See *Robinson, supra*. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id*.

Although Robinson alleged that counsel was ineffective for failing to call nine witnesses, on appeal, he assigns error with regard to the district court's rulings as to only five witnesses: Darrell Kellogg; Antone Green; Keelan Washington; Denesha Lockett; and Jasmine Harris. The testimonies of these five witnesses would have included tangential matters, such as whether a possible witness was fearful of testifying, and nonrelevant matters, such as the whereabouts of an individual on the night of the shooting when said individual did not testify at trial. With respect to each of the five witnesses, trial counsel explained at the evidentiary hearing why calling each of the witnesses would not have served trial strategy. Counsel

explained that each witness' proposed testimony was either not germane or not important or became unnecessary because of trial developments.

[9] We have stated that the decision to call, or not to call, a particular witness, made by counsel as a matter of trial strategy, even if that choice proves unproductive, will not, without more, sustain a finding of ineffectiveness of counsel. *State v. Thomas*, 278 Neb. 248, 769 N.W.2d 357 (2009) (quoting *State v. Lindsay*, 246 Neb. 101, 517 N.W.2d 102 (1994)). Because counsel in this case gave meaningful reasons why the specific witnesses did not serve trial strategy, following our independent review, we agree with the district court's conclusion that Robinson did not show deficient performance.

With respect to prejudice, the district court concluded that Robinson did not establish the second prong of the *Strickland* test, because he could not show prejudice from counsel's purported failure to call the specified witnesses. To show prejudice under the *Strickland* test, the defendant must show a reasonable probability that but for the alleged deficient performance, the result of the proceeding would have been different. See *State v. Robinson*, 285 Neb. 394, 827 N.W.2d 292 (2013). Following our independent review, we agree with the district court that Robinson did not show prejudice.

In Robinson's direct appeal, following our evaluation of certain evidentiary rulings which we determined were error, we conducted a harmless error review and concluded that the guilty verdicts against Robinson were surely unattributable to the erroneous rulings. *State v. Robinson*, 271 Neb. 698, 715 N.W.2d 531 (2006). The theory of the State's case against Robinson was that there were two shooters, one of whom was Robinson, and that after the crimes, Robinson fled to Texas in a green Chevrolet Tahoe, where the vehicle was destroyed. In our opinion on direct appeal, we stated that "[t]he State's case was largely based upon . . . three witnesses who testified about the shooting." *Robinson*, 271 Neb. at 731, 715 N.W.2d at 560. The testimony of these witnesses, which was apparently deemed credible by the jury, supported the State's theory of the case and Robinson's convictions.

In our opinion on Robinson's direct appeal, we summarized the testimony of these three witnesses and other evidence as follows:

> Dupree Reed testified that he participated directly in the shooting by firing his .22-caliber automatic pistol into the house in which Daniel Lockett was shot. He testified that Robinson had stated he thought Gary Lockett murdered Terez Reed. Dupree Reed testified that he and Robinson had driven in Robinson's green Tahoe to a residence where Robinson thought Gary Lockett would be present and that Robinson shot through the window of the house.

> Courtney Nelson testified regarding the incident. Nelson said Robinson told him that he thought Gary Lockett killed Terez Reed and that Gary Lockett was affiliated with a rival gang. When Robinson got in the Tahoe to leave the funeral reception, Nelson saw him pull out a 9-mm pistol. James Edwards also testified to his observations of Robinson on the night Daniel Lockett was shot. After Robinson and Dupree Reed fired their guns into the residence, Edwards saw Robinson return to the Tahoe with his 9-mm pistol, and the appearance of the weapon indicated that all rounds had been fired.

> Nelson further testified that after Daniel Lockett's murder, Robinson stated he was taking the Tahoe to Kansas or Texas to "get rid of the truck." A police officer in Kansas City observed Robinson getting off a bus from Houston and Robinson told the officer he was returning to Omaha. Evidence also showed that a green Tahoe belonging to Robinson's grandmother was found destroyed in a vacant field in Houston.

*Robinson*, 271 Neb. at 731-32, 715 N.W.2d at 560-61.

In the present appeal from the denial of postconviction relief, we again reviewed the record, which includes the foregoing evidence. Although our review in this postconviction case differs from our harmless error review on direct appeal, we nevertheless again find Robinson's arguments unavailing. Given the powerful direct evidence that we summarized in the direct appeal and have repeated above, we conclude that

Robinson did not show a reasonable probability that the purported testimony of the five witnesses trial counsel allegedly failed to call would have caused a different result at the trial. Robinson therefore did not show prejudice from counsel's alleged deficient performance in this postconviction appeal.

We further note that Robinson contends that the cumulative result of the alleged instances of ineffective assistance of counsel resulted in an unfair trial requiring postconviction relief. However, because we conclude that each of Robinson's individual claims was without merit, we further conclude that the cumulative effect of such claims did not result in an unfair trial and does not merit postconviction relief.

## CONCLUSION

We determine that, because Robinson failed to take a timely appeal, we lack jurisdiction in this appeal to consider Robinson's assignments of error related to claims which the district court denied without an evidentiary hearing in the order entered March 16, 2009. With regard to Robinson's assignments of error related to claims which the district court denied after an evidentiary hearing in the order entered February 18, 2010, following our independent review, we conclude that the district court did not err when it concluded that such claims were without merit and denied Robinson's motion for postconviction relief.

AFFIRMED.

HEAVICAN, C.J., participating on briefs.

———————————

JEREMIAH J., APPELLEE, V.
DAKOTA D., APPELLANT.
___ N.W.2d ___

Filed March 7, 2014.    No. S-13-478.

1. **Appeal and Error.** An alleged error must be both specifically assigned and specifically argued in the brief of the party asserting the error to be considered by an appellate court.
2. **Adoption: Appeal and Error.** Appeals in adoption proceedings are reviewed by an appellate court for error appearing on the record.